JOHN P. H. RUSS *v.* W. B. GULICK and others.

Where a complaint charges that money used in a certain transaction, was that of A, and not (as A and B claimed it to be) that of B; answers by A and B, that the money advanced by the latter was "money *under his control, and was not the money of A*," were held to be evasive and unsatisfactory ; in not stating whether or not such money *was placed under the control of B through any agency of A*.

The *transaction* being, the contribution of their respective proportions of a debt, by two co-sureties, of whom A was one, and the plaintiff the other: *Held*, that an admission by A and B of their purpose to compel the plaintiff to pay the whole debt, was an *equity confessed*, and their setting up, as their justification therefor, an agreement by said co-surety, made after their engagement as sureties, whereby the plaintiff was to pay the whole, was matter *in avoidance* of such equity, and so, not to be noticed at this particular stage of the proceedings, viz; a motion to to vacate an injunction.

INJUNCTION, before *Watts, J.,* upon a motion to vacate, at Fall Term 1869 of WAKE Court.

The action sought an injunction, &c., against a judgment and execution ; and alleged,

1. That the plaintiff and one High had executed a note payable to the defendant Gulick, as Cashier, &c., in the character of sureties for one Hutchings.

2. That after judgment had been obtained and execution taken out upon such vote, the sureties above named paid, each, January 2 1869, one half of the same, excepting costs, and that plaintiff paid besides, one-half of these ; thus satisfying the judgment, except as to one-half of such costs.

3. That High, who paid *after* the plaintiff had paid his part, procured Gulick to convey the judgment to one York, who claims that the money advanced to pay High's proportion, was really *his,* and now, as purchaser of such judgment, is endeavoring to compel the plaintiff to pay the other half *to him.*

4. That the money advanced by York was really High's, and the transfer to York was unauthorized in Gulick, whose judgment had been *satisfied,* &c.

High answered, denying that he had paid, or that York with his money had paid, the one-half of the judgment mentioned in the complaint ; and stated, that at his request. York had purchased the judgment, by paying for it money of which he, York, had control, and which was not High's; and that this was done in order to compel Russ to carry out an agreement between himself and High, by which the former was to pay *the whole* of the note given by them as sureties

York also answered, and his account of the purchase of the judgment, was in the same language as that used by High.

Thereupon, on motion by the defendants, his Honor vacated the order for an injunction theretofore made ; and the plaintiff appealed.

*Rogers & Batchelor,* for the appellant.

When an answer admits the equity charged in the bill, but brings forward new facts in avoidance of it, the injunc-shall be continued to the hearing: *Lindsay* v. *Etheridge*, 1 D. & B. Eq., 36; *McNamara* v. *Irwin*, 2 D. & B. Eq., 13; *Lyerly* v. *Wheeler*, 3 Ire. Eq., 170; *Kerns* v. *Chambers*, 3 Ire. Eq., 576.

When there is a reasonable probability, from the facts stated in the bill, and not denied by the answer, that the plaintiff will sustain his claim for relief, the injunction will not be dissolved. If reasonable doubt exist, whether the equity is fully answered, injunction will be continued. *Sherrill* v. *Harrell*, 1 Ire. Eq., 194; *James* v. *Lumley*, 2 Ire. Eq., 278; *Strong* v. *Menzies*, 7 Ire. Eq., 544; *Miller* v. *Washburn*, 3 Ire. Eq., 65.

When the answer is apparently deficient in frankness, candor, or precision, or is illusory, the injunction will be continued to the hearing. *Little* v. *Marsh*, 2 Ire. Eq., 18; *Parks* v. *Spurgin*, 3 Ire. Eq., 153; *Thompson* v. *Mills*, 4 Ire. Eq., 390; *Allen* v. *Pearce*, 6 Jon. Eq., 309; *Deaver* v. *Eller*, 7 Ire., 24; *Jones* v. *Edwards*, 4 Jon. Eq., 257.

Allegations in the bill not responded to, are taken as true. *Wilson* v. *Hendricks*, 1 Jon. Eq., 295; *Rich* v. *Thomas*, 4 Ire. Eq., 71.

York, the defendant, who claims to have purchased the judgment at High's request, must " stand in High's shoes." *Wilson* v. *Hendricks*, 1 Jon. Eq., 295; *Allen* v. *Pearce*, 6 Jon. Eq., 309.

*Fowle & Badger, contra,*

PEARSON, C. J. The answer of York is not ingenuous and frank, but is unsatisfactory and evasive. He admits that he advanced the money at the instance of his co-defendant High, but he says "the money was *under his control, and was not the money of High:*" *Non constat*, that he did not get the money which was under his control, through the agency of

High.   But be this as it may, the plaintiff has a clear equity on the matter confessed.   It is admitted, that *at the first,* the plaintiff and High were *co-sureties,* and that the plaintiff has paid his own half of the debt, and that the assignment to York, was made with notice, and for the purpose of enabling York, by means of the legal title in the judgment, standing in the name of Gulick, whose legitimate business it was to receive the proceeds, and not to assign the judgment, to force the plaintiff to pay the other one-half of the debt.

So we have a case of combination and confederacy, to adopt means, whereby the burden of the payment of the whole debt, is to be put on *one of the sureties.*   This contrivance is justified on the ground that, by an arrangement between the plaintiff and High, made after they had entered into the relation of co-sureties, Russ was to pay the whole debt.   In other words, new matter is alleged in avoidance of the original liability of High to pay one half of the debt ; but this allegation, in the stage of the case now presented, is not supported by proof, and allegation without proof is like proof without allegation—the Court cannot take notice of it.

There is error.   Decretal order below reversed.

This will be certified.

Per Curiam.                              Order reversed.