# J. C. COMFORT ET AL. v. H. R. MOSSER.

ERROR TO THE COURT OF COMMON PLEAS OF CUMBERLAND COUNTY.

Argued April 24, 1888—Decided October 1, 1888.

1. A party to a suit has a right to examine a juror upon his voir dire, before he is sworn in the cause, as to any matter which may affect his mind or show bias or prejudice, that the power of peremptory challenge may be exercised intelligently.

2. The result of such investigation may or may not amount to a disqualification of the juror; that is a question which will arise only upon a challenge which may be made afterwards for cause.

3. Where the deed, under which the defendants in ejectment claimed, was not recorded until six years after its date and ten months after the death of the grantee, one of the defendants being the grantor and the other claiming under the will of the grantee, and fraud is alleged, evidence is admissible of the acts and declarations of both the defendants, after the date of the deed, fairly in rebuttal of the presumption of delivery arising from the acknowledgment and recording.

Before GORDON, C. J., PAXSON, STERRETT, GREEN, CLARK and WILLIAMS, JJ.; TRUNKEY, J., absent.

No. 112 January Term 1888, Sup. Ct.; court below, No. 155 November Term 1884, C. P.

On October 7, 1884, a summons issued in an action of ejectment by Henry R. Mosser against John C. Comfort and Mary A. Comfort, his sister, for the recovery of a tract of 68 acres of land in Lower Allen township. The plea was, not guilty.

At the trial on April 18, 1887, when the panel of twenty jurors was called into the box, the following offer was made:

Defendants' counsel propose to ask several jurors, of whom Mr. Klink is one, whether he has not heard the merits of this case between the plaintiff and the defendants discussed, and whether he has not formed an opinion as to the merits of the controversy between the parties to this case.

The proposed examination was objected to, and at the suggestion of the plaintiff's counsel it was noted that this was the first trial of the cause.

By the court: We think we will sustain the objection and not permit the interrogation of the jurors as desired by the defendants.[9]

The juror was then challenged peremptorily.

The plaintiff, in proof of title, showed a deed of Weber and wife conveying the land in dispute to John C. Comfort on April 6, 1868, recorded; then a judgment in his favor against John C. Comfort entered on an award of arbitrators on April 15, 1874, for $2,111.85; judgment of revival preserving the lien of said original judgment; condemnation of the land in dispute on fieri facias, and a sale to Mr. John Hays, plaintiff's attorney, on a fourth pluries venditioni exponas, and sheriff's deed to the purchaser acknowledged in open court on April 19, 1880, recorded; deed from Mr. Hays and wife to the plaintiff dated October 3, 1880. The plaintiff then rested.

The defendants, in proof of title, showed a deed of John C. Comfort to Elizabeth Comfort dated September 13, 1873, acknowledged before W. M. Bergstresser, J. P., September 13, 1873, and recorded on November 3, 1879. They then put in evidence the will of Elizabeth Comfort, deceased, dated December 22, 1878, and admitted to probate on April 12, 1879, wherein the testatrix devised all her estate " real, personal and money," to Mary A. Comfort, and rested.

In his rebuttal case, it was shown that the plaintiff was an indorser upon a note discounted for John C. Comfort at the Harrisburg N. Bank, on October 14, 1871, which was paid off and lifted by the plaintiff on April 18, 1873. The plaintiff was then called in his own behalf when the following offer was made :

Plaintiff now proposes to prove, by his own testimony, that the note paid by him in the Harrisburg National Bank, as indorser for John C. Comfort, was the consideration for the notes upon which judgment, No. 180 April Term 1874, already in evidence, was founded, for the purpose of showing that he was a creditor of said Comfort prior to September 13, 1873 ; that he became such creditor upon the assertion of and belief that the said Comfort owned the property in dispute ; that the various executions issued upon the said judgment, No. 180 April Term 1874, were stayed by him at the earnest solicitation of the said Comfort, and that on April 11, 1879, the prop-

erty now in dispute was about to be sold by the sheriff, when the said Comfort begged the plaintiff to stay the writ, saying that he would make an assignment for the benefit of creditors, so that the property about to be sold would not be sacrificed, but bring a higher price ; that the plaintiff gave way, and the said Comfort at once made an assignment to him for the benefit of creditors ; that at the time of the appraisement of the assigned estate made in 1879, the said Comfort declared that the crops on the land now in controversy belonged to his · mother, to whom he had rented the land for a moneyed rent, and that a receipt for it would be found among her papers, and that there was nothing to be appraised but the land ; that in the summer of 1879, when the plaintiff, as assignee of Comfort, called upon him to notify him of the time and place of the sale of the assigned property, he met Mary A. Comfort, the other defendant, who told him he ought not to sell John's farm, and found fault with him for so doing ; all this for the purpose of showing that the deed from John C. Comfort to Elizabeth Comfort could not have been made on September 13, 1873 ; to be followed by other evidence to the same effect, and that Comfort remained in possession of the property up to the present time, and that the estate of Mrs. Elizabeth Comfort, deceased, claimed to be the tenant of the land in dispute after her death ; all this prior to the recording of the deed of September 13, 1873, on November 3, 1879.

Objected to, (1) the witness is not competent as a witness in this case, it being now against the title of a deceased person ; (2) any acts done by John C. Comfort are irrelevant in the trial of this issue ; acts or admissions of a grantee after the execution of the deed are not evidence against his deed ; no acts or admissions or conduct of John C. Comfort can in any way affect the title of Mary A. Comfort against the deed of John C. Comfort, dated in 1873.

By the court : The witness called, is the plaintiff in the cause. He is not offered to testify to the declarations of Elizabeth Comfort, who is dead, but of the adverse parties to the action, who are living. We think he is a competent witness for that purpose. His testimony is not offered to attack any title which has been shown otherwise than inferentially to have been vested in Elizabeth Comfort. On the other hand, it appearing

already from the evidence that the deed to her from John C. Comfort, for the land in dispute, was not recorded until long after its date and some time after her death ; and it not appearing affirmatively that the deed had ever been delivered to her in her lifetime, or that she had ever been in actual possession of the land therein described, the testimony is offered to rebut the inference of the delivery of the deed, and as tending to prove that Elizabeth Comfort had neither title nor possession ; that the deed in evidence, although executed by John C. Comfort, is fraudulent and void and is now used with fraudulent intent. This testimony, we think, is admissible. When fraud is alleged a liberal latitude is permitted in the attempt to prove it. The offer in the present instance we think falls clearly within the limit. We, therefore, overrule the objections, admit the offer, and seal a bill for the defendants.[4]

Under the foregoing offer, and other offers for the same purpose, admitted under exception to the defendants, testimony was adduced supporting the offer and, as claimed by the plaintiff, tending to show that the deed of September 13, 1873, had not been delivered during the lifetime of the grantee, but, if delivered, was fraudulent and void as against the plaintiff. This testimony is sufficiently indicated in the charge of the court below.

The court, BARNETT, P. J., 41st judicial district, specially presiding, after answering the points presented and reviewing the testimony adduced by the plaintiff and the defendants, in chief, charged the jury :

[But the plaintiff next again alleges that this deed of John C. Comfort to his mother, did not divest his title and put the title in his mother, Elizabeth Comfort, because, first, he claims there was no delivery of the deed by the grantor to the grantee ; no delivery of this deed of John C. Comfort to his mother, Elizabeth Comfort; and, second, because even if delivered, the deed was fraudulent as to creditors, and therefore as against them, and the plaintiff was one of them, insufficient to divest the title of John C. Comfort, and ineffectual to vest the title in Elizabeth Comfort. This then, in our opinion, raises the two questions of fact which we think it our duty to submit to the determination of the jury under all the evidence.

### Charge of Court below.

First, was there a delivery to the grantee, Mrs. Elizabeth Comfort, of the deed of John C. Comfort?] [23]

What is a deed? It is defined to be a writing sealed and delivered between the parties. It must be delivered as well as executed. There is no evidence in this case to overcome the presumption of law that the deed was duly executed. It was acknowledged, and the acknowledgment before a justice of the peace is a judicial act on the part of that officer, and in the absence of evidence of fraud touching the acknowledgment, the certificate of acknowledgment by the justice of the peace is conclusive.

[But the delivery of the deed is the act of the grantor. The presumption of law, arising from the due acknowledgment before the justice when the deed has been afterwards recorded, is that it was duly delivered by the grantor. But this presumption of law is not conclusive, and like all other inconclusive presumptions of law, may be rebutted by evidence that the fact is otherwise; that, notwithstanding the acknowledgment, there has been no actual delivery. It appears from the evidence in this case that although this deed was dated and acknowledged on September 13, 1873, it was not recorded until November 3, 1879. In the meantime Mrs. Elizabeth Comfort had died on January 12, 1879. The deed, therefore, was not recorded until after six years from its date, and nearly ten months after the death of Mrs. Comfort. Mrs. Comfort had made and executed her last will on December 22, 1878, and appointed Mary A. Comfort her executrix. But it was John C. Comfort, the grantor in the deed, who brought the deed to the office of the recorder and asked to have it recorded, so that he might take it along with him home, and not Mary A. Comfort, the personal representative of the deceased grantee, and the devisee named in her will. And it was arranged that when recorded the deed should be sent by mail to John C. Comfort, and not to Mary A. Comfort, the executrix and devisee.

It also appears that John C. Comfort remained in possession of the land the same after the execution of the deed as before, exercising acts of ownership, having it assessed and taxed in his own name, and applying for insurance on the buildings for himself individually; that he requested the plaintiff from time to time to stay executions levied on this land, and, to induce

him to stop a sale by the sheriff on the day advertised, he executed an assignment of it to the plaintiff for the benefit of creditors; and that when the assignee had appointed a day for the sale of the assigned property, and went to give notice of that fact to John C. Comfort, he was met by Mary A. Comfort, who said to him: " Mr. Mosser, are you doing right in selling John's farm?" This assignment was made on April 11, 1879, after the death of Mrs. Comfort. The will of Mrs. Comfort was probated on the next day after the assignment, to wit: on April 12, 1879, and it was after the date of the assignment and after the date of the appraisement made by virtue thereof (at which time John C. Comfort declared to the appraisers that the grain in the ground belonged to Elizabeth Comfort, because he had leased the farm to her on a moneyed rent paid in advance), that Mary A. Comfort asked Mr. Mosser if he was doing right in selling John's farm; and it was on April 22, 1879, that Mary A. Comfort filed the appraisement of her mother's estate, in which was contained an item, " Farm lease, John's farm, $212.37."] [24]

[Now we submit this evidence, as well as any other evidence you may recollect, whether we have mentioned it or not, touching this question, to your consideration, to determine whether or not there was a delivery of this deed. If you find there was no delivery of the deed, then there was no title vested by it in Elizabeth Comfort, and the plaintiff would be entitled to your verdict. It is true that the declarations of a grantor made after the delivery of his deed are incompetent to affect the estate of his grantee; but the question we have to submit to you is whether there was any delivery of the deed of John C. Comfort, and we think the declarations of John C. Comfort are competent to submit to the jury for this purpose; because if there was no delivery of the deed, there was no estate thereby vested in the grantee therein mentioned; and, in such case, the declarations of the grantor in said deed are not subject to the objection that they are inadmissible to affect the estate of the grantee when there is no such estate in existence.] [25]

[Now we submit all the evidence to your consideration for you to determine this first question of fact. If you find there was no delivery of the deed, then you need inquire no further,

and the verdict should be for the plaintiff. But if you are not satisfied from the evidence, that the presumption of law that the deed was delivered is overcome by the facts in the case, and should find that there was such delivery, then the next question of fact we submit to you to determine from the evidence is, was the deed, even if duly delivered, fraudulent and void as against creditors? The plaintiff claims that the deed was fraudulent and void as to the plaintiff in this case, because he was a creditor of John C. Comfort at and before the date of the deed in question, and that the deed was a voluntary one, given without consideration and for the purpose of hindering and delaying the plaintiff and other creditors in the collection of their rightful claims. And the plaintiff relies principally on the fact that the grantee was the mother of the grantor; that she was the widow of Jacob Comfort, who was the owner of a farm containing some forty acres of slate land, subject to a dower of $433.33 in favor of the widow of Edward McKee, and without known separate estate of her own; and they claim that therefore she was without the means or ability to pay the consideration of $5,500 named in the deed; that being without the ability to pay the consideration named in the deed, the deed was a voluntary deed on the part of John C. Comfort, made without consideration by a grantor who was indebted at the time; and that if it was received under such circumstances by a mother without consideration, it was so received for the purpose of saving the son's real estate from being levied on and sold in satisfaction of the son's debts; and if so received for such purpose it would operate in hindering and delaying and defrauding his creditors, and would be fraudulent and void as to them, and the plaintiff would be entitled to recover.

When fraud is alleged, a considerable latitude is permitted in the evidence offered to prove it. But because fraud is odious in law it must be proved by competent and satisfactory evidence or there must be such facts satisfactorily established by the evidence from which the existence of fraud may be rightfully and legally inferred.

We submit all the evidence touching this second question of fact to your consideration as you will recollect it. It is for you to say what weight and reliance you will place upon it, and to determine therefrom, whether the deed, even if deliv-

ered, was given without consideration and for the purpose of hindering and delaying and defrauding creditors; and if you find that it was, then your verdict should be for the plaintiff. But on the other hand, if you find that the deed was duly delivered, and that it was not given without consideration or for the purpose of delaying and defrauding creditors, then your verdict should be for the defendants. The controversy is about a tract of land. The evidence is now submitted to your consideration. Your verdict will simply be, we find for the plaintiff, or we find for the defendants.] [26]

The jury returned a verdict in favor of the plaintiff. On October 21, 1887, a rule for a new trial was discharged by the following opinion and decree:

The first reason for a new trial alleged that the court erred in refusing to permit defendants to examine the jurors, Klink and others, on voir dire. But this permission was applied for, to inquire of the jurors whether they had formed and expressed an opinion of the rights of the parties based upon common rumor, and if they had, this would not be a sufficient objection to their being sworn and empaneled: Durell v. Mosher, 8 Johns. 445. "It is very true that men generally form an opinion upon the case as it has come to their knowledge; but when that knowledge is derived from common report, any sensible man knows the uncertainty of such reports and keeps his mind open to a change of opinion when the whole truth shall be ascertained:" Irvine v. Kean, 14 S. & R. 292, in which Durell v. Mosher is cited as authority. If therefore nothing could have been effected by making the examination, the refusal to make it, we think, could not be error. . . .

We therefore overrule the motion for a new trial, and now, October 21, 1887, the prothonotary is directed to enter judgment on the verdict upon payment of the jury fee.

Judgment having been entered on the verdict, the defendants took this writ, specifying as error, inter alia:

1. The refusal of defendants' offer.[1]

23–26. The parts of the charge embraced in [ ] [23 to 26]

*Mr. S. Hepburn, Jr.* (with him *Mr. H. S. Stuart*), for the plaintiffs in error:

1. It is always proper to inquire of jurors whether they have discussed the merits of the case on which they are called, and the effect of such discussion on their minds. It would be dangerous to adopt the ruling of the court below; more dangerous now, because under the statutory method of calling the jury, the parties are compelled to reject four on each side. The ruling prohibited the discovery of prejudice in the only way provided by the law for its detection.

2. The radical error of the court below was in the admission of the acts and declarations of the defendants after the deed of September 13, 1873. The suggestion that affirmative proof of delivery was necessary, is the reversal of a principle as old as the records of English decisions. In the absence of all legitimate evidence of the time of delivery, the delivery of a recorded deed is presumed to be of the time of its date: Shep. Touchstone, 72; Hall v. Benner, 1 P. & W. 407; Chess v. Chess, 1 P. & W. 43; Steel v. Tuttle, 15 S. & R. 210; Rigler v. Cloud, 14 Pa. 361; Kille v. Ege, 79 Pa. 15. True, this presumption of delivery may be rebutted, but it must be by proper evidence; as in the cases: Boardman v. Dean, 34 Pa. 252; Van Amringe v. Morton, 4 Wh. 382; Critchfield v. Critchfield, 24 Pa. 100; Duraind's App., 116 Pa. 93; Barncord v. Kuhn, 36 Pa. 383; Dayton v. Newman, 19 Pa. 194; Blight v. Schenck, 10 Pa. 285; Buckman v. Buckman, 32 N. J. Eq., 259; Byers v. McClanahan, 6 Gill & J. 250; Warren v. Scott, 31 N. H. 332; Moore v. Hazelton, 9 Allen 102; Howe v. Howe, 99 Mass. 98; Barry v. Hoffman, 6 Md. 78; Loomis v. Pingree, 43 Me. 299.

3. Neither his mother, nor his sister, was shown ever to have acted in concert with John C. Comfort, or for any common purpose with him, and there is no principle upon which his acts and declarations subsequent to the deed shall be permitted to invalidate it: Chess v. Chess, 1 P. & W. 43; Blight v. Schenck, 10 Pa. 285; Burkholder v. Cosad, 49 Ind. 418; Stewart v. Reddit, 3 Md. 78.

*Mr. John Hays* and *Mr. L. W. Hall* (with them *Mr. R. M. Henderson*), for the defendant in error:

1. All that the defendants proposed to ask Mr. Klink was, whether he had not formed an opinion as to the merits of the controversy. This was not enough. To disqualify a juror, his

opinion expressed must be formed upon hearing the evidence of a former trial,—upon the facts of the case, not upon reports, discussions and rumors; and it must be so decided as to amount almost to a prejudication: Irvine v. Kean, 14 S. & R. 292; Lloyd v. Nourse, 2 R. 50; Irvine v. Lumbermen Bank, 2 W. & S. 190; McCausland v. McCausland, 1 Y. 378; and this is the rule in criminal cases: Commonwealth v. Flanagan, 7 W. & S. 415; Staup v. Commonwealth, 74 Pa. 458; Curley v. Commonwealth, 84 Pa. 151.

2. From the authorities, the principles may be adduced: (*a*) Delivery of a deed is essential, and the absence of delivery renders a deed void ab initio; (*b*) delivery may be proved or disproved by parol evidence; (*c*) recording is evidence from which a delivery may be presumed, and this presumption may be rebutted and destroyed; (*d*) the vendor is a competent witness to prove non delivery, or it may be proved by his acts and declarations; (*e*) delivery is a question of fact for the jury: Critchfield v. Critchfield, 24 Pa. 100; Hall v. Benner, 1 P. & W. 407; Chess v. Chess, 1 P. & W. 43; Van Amringe v. Morton, 4 Wh. 382; Barncord v. Kuhn, 36 Pa. 389; Duraind's App., 116 Pa. 93; Dayton v. Newman, 19 Pa. 199. The question here was not the invalidation of a deed, but whether it was a deed made valid by delivery, and that the evidence of the acts and declarations of the defendants was admissible and sufficient, the authorities are decisive: Boardman v. Dean, supra; Critchfield v. Critchfield, supra; Dayton v. Newman, supra; Work v. Maclay, 2 S. & R. 415; Cover v. Manaway, 115 Pa. 338.

3. When fraud is alleged, latitude is permitted in evidence offered to prove it. But, because fraud is odious in law, it must be proved by competent and satisfactory evidence, or there must be such facts satisfactorily established by the evidence that the existence of it may be rightfully and legally inferred: Zerbe v. Miller, 16 Pa. 495; Cover v. Manaway, 115 Pa. 345; Heath v. Slocum, 115 Pa. 556; McKee v. Gilchrist, 3 W. 232; Rogers v. Hall, 4 W. 361. If the deed of September 13, 1873, had been delivered, John C. Comfort, the grantor, knew it, and his acts and declarations would have been consistent with the fact. They are utterly inconsistent with it, and neither defendant denied that they were made and done and that they were true.

4. If the deed of September 13, 1873, was delivered, was it fraudulent and void as to creditors? It was not a deed of gift, but of bargain and sale for the consideration of $5,000. It was from a son to his mother. There was no proof of actual payment; there was proof that the mother did not possess the means to pay the consideration named. The plaintiff was a creditor at the time, and the land was sold on his judgment. Wherefore, the conveyance was clearly within the statute of 13th Elizabeth: Zerbe v. Miller, 16 Pa. 488; Rogers v. Hall, 4 W. 359; Shannon v. Commonwealth, 8 S. & R. 451; Miner v. Warner, 2 Gr. 450; Garrison v. Monaghan, 33 Pa. 232; Thomson v. Dougherty, 12 S. & R. 448; Harlan v. Maglaughlin, 90 Pa. 293.

OPINION, MR. JUSTICE PAXSON:

We are unable to see upon what principle the learned judge below excluded the question asked of the juror, Mr. Klink; see first assignment. We infer, however, from his opinion overruling the motion for a new trial, that he regarded the questions, even if answered in the affirmative, as insufficient to disqualify the juror. The question appears to have been treated both by court and counsel as if the juror had been challenged for cause, and a number of our cases were cited to show that an opinion formed by a juror upon common rumor does not disqualify him. No fault is found with these cases. The error consists in their application to a different state of facts. There was no challenge for cause, the question of the disqualification of the juror was not reached. The inquiry was a preliminary one to ascertain the condition of the juror's mind as to bias or prejudice. We cannot of course say what the result would have been had the court permitted the examination.

The question in itself was entirely free from objection; it was as follows: "Defendants' counsel propose to ask several jurors, of whom Mr. Klink is one, whether he has not heard the merits of this case between the plaintiff and the defendants discussed, and whether he has not formed an opinion as to the merits of the controversy between the parties to this case." The objection to this offer appears to have been based principally upon the fact that, as there had never been a previous

trial between the parties of the issue involved, the juror could only have formed his opinion from common rumor. This objection was not well taken. It raised an issue that had not been reached. The inquiry was stopped at the very threshold, and the witness was not allowed to state whether he had formed an opinion, or the grounds of such opinion, if formed.

A party to a suit has a right to an impartial jury. Hence it has always been customary to allow him to examine a juror on his voir dire as to any matter which may affect his mind or show bias or prejudice. The result of such an investigation may or may not amount to a disqualification of the juror. That is a question which arises only upon a challenge for cause. The party has a right to such examination to enable him to exercise his peremptory challenges intelligently and I have never before known it to be denied.

It was urged, however, that this error did the defendants below no harm. That the juror referred to did not sit in the case. If we were satisfied that no harm had been done we would not reverse for this cause. But there is nothing in the paper book from which we can safely draw such a conclusion.

The remaining assignments of error are without merit. Some of the evidence admitted would perhaps have been incompetent if the delivery of the deed from John C. Comfort to Elizabeth Comfort had been established. But this was one of the disputed facts in the case, and the evidence referred to tended to rebut the presumption of a delivery, and for this purpose we think it was competent. We are entirely satisfied with the way in which the case was tried, and but for the single error referred to it might have been affirmed.

Judgment reversed, and a venire facias de novo awarded.