# Trussell *v.* Western Pennsylvania Gas Company, Appellant.

*Evidence—Cross-examination—Contradicting witness—Pipe lines.*

Ground cannot be laid for contradicting a witness by cross-examining him as to purely irrelevant and collateral matters.

In a proceeding to assess land damages, the fact that the plaintiff's witnesses on cross-examination express the opinion that any farm was depreciated in an amount stated per acre by the location of a pipe line across it, does not authorize the introduction by the defendant of the testimony of a witness to the effect that the selling prices of farms in general in the county had not been affected by the location of pipe lines across them.

Argued April 23, 1902.    Appeal, No. 93, April T., 1902, by defendant, from judgment of C. P. Washington Co., Aug. T., 1901, No. 24, on verdict for plaintiff in case of Charles H. Trussell v. Western Pennsylvania Gas Company.    Before Rice, P. J., Beaver, Orlady, W. W. Porter and W. D. Porter, JJ.    Affirmed.

Appeal from report of jury of view.

At the trial it appeared that the proceeding was instituted to recover damages for the alleged depreciation in value of a farm by the location of a pipe line across it.    On cross-examination certain of the witnesses called by the plaintiff expressed an opinion that any farm was depreciated in value from $10.00 to $15.00 per acre by the location of a pipe line across it.    Defendant called B. C. McGrew and made the following offer :

The witness having testified as to his knowledge of sales of farms throughout Washington county, it is proposed to ask him the question whether or not in the sales that have come under his knowledge throughout the county, there has been any difference in the price based upon the fact that a pipe line was or was not upon the property.    This for the purpose of meeting the testimony of the plaintiff's witnesses to the effect that they fixed a loss of $10.00 an acre upon the plaintiff's farm, and based it upon the alleged fact that a pipe line diminished the value of all farms to that extent.

Objected to as incompetent and irrelevant; first, for the reason that the premises are not correctly stated, the same having

424 TRUSSELL *v.* GAS CO., Appellant.

Statement of Facts—Opinion of the Court. [20 Pa. Superior Ct.

been drawn out of the witnesses for the plaintiff on cross-examination; second, for the reason that the witness has not qualified himself with a knowledge of the particular farm in question, or other farms like it; third, for the reason that he has not qualified himself with a knowledge of this line or any particular line over a farm; and generally as incompetent and irrelevant.

The Court: I think if that were any part of the case that the plaintiff had introduced here, then there would be no doubt of your right to introduce evidence of this kind, but they not having introduced that kind of evidence, I think we will have to sustain this objection. On request of defendant, exception allowed and sealed.

Verdict and judgment for plaintiff for $1,100. Defendant appealed.

*Error assigned* was ruling on evidence, quoting the bill of exceptions.

*A. M. Todd*, of *Todd & Wiley*, for appellant.

*T. B. Birch*, with him *James P. Eagleson*, for appellee.

PER CURIAM, May 22, 1902:

The general rule is, that ground cannot be laid for contradicting a witness by cross-examining him as to purely irrelevant and collateral matters. That rule applies here. The issue was as to the effect upon the market value of a particular farm of the location of a pipe line across it. Whether or not farms in general in Washington county are depreciated in value by the imposition of such a burden was irrelevant to the issue. Therefore, although the defendant's counsel were able to draw out of some of the plaintiff's witnesses an expression of the opinion that any farm is depreciated in value from $10.00 to $15.00 per acre by the location of a pipe line across it, this did not authorize the introduction of the testimony of a witness to the effect that the selling prices of farms in general in Washington county have not been affected thereby.

The assignment of error is overruled and the judgment affirmed.