## Commonwealth *v.* Grauman, Appellant (No. 2).

*Appeals—Assignments of error—Amendment of assignment—Criminal law.*

1. On an appeal from a judgment in a criminal case an assignment of error to an offer of evidence which does not set forth the evidence admitted may be amended if the error alleged is of a substantial nature.

*Evidence—Witness—Cross-examination—Irrelevant matter—Contradiction of witness.*

2. If a witness be cross-examined as to matters irrelevant to the issue, the party cannot discredit him by proving that he testified falsely in relation thereto.

*Practice, Q. S.—Trial—Jury—Voir dire.*

3. On the trial of an indictment for forgery where it appears that the defendant had been convicted two months before in the same court of a similar charge, and that there were other similar accusations against him, it is proper to permit his counsel to examine a juror on his voir dire as to his knowledge of the case. The refusal of such an examination is reversible error, and the fact that the defendant accepted the juror notwithstanding the disallowance of the question is not decisive.

*Appeals—Assignments of error—Charge—Unintelligible printing.*

4. An assignment of error to the charge of the court will not be considered where the charge is so badly printed in the appellant's paperbook that certain portions of it are wholly unintelligible.

Argued Nov. 11, 1912. Appeal, No. 6, March T., 1913, by defendant, from judgment of Q. S. Lackawanna Co., Dec. T., 1911, No. 122, on verdict of guilty in case of Commonwealth v. William Grauman. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Reversed.

Indictment for forgery. Before NEWCOMB, J.

At the trial when Dennis Gallagher, a juror, was called, counsel for the defendant proposed as follows:

Mr. Powell: We ask to have the juror sworn.

The Court: For what purpose?

Mr. Powell: To be examined on his voir dire, as to his knowledge concerning this case.

The Court: Have you any authority for such proposition?

Mr. Powell: I cannot say that I have.

The Court: Is there any objection?

Mr. Donahoe: Yes, your honor.

The Court: The objection is sustained.   Exception noted for the defendant. [1]

The commonwealth proposes to prove by a witness on the stand, to rebut the testimony of the defendant under cross-examination, to the effect that the Ponto note for $300, and the Kautz note for $350, and the Antollico note, and the Constantine note, were paid by the various makers of the notes.   This evidence we offer for the purpose of rebutting the testimony of the defendant.

Mr. Scragg: We object to this testimony as not being competent.   It is testimony that was elicited by the prosecution in cross-examination of the defendant, and under our objection at the time, and it was not brought out in chief in his testimony, but on cross-examination and on irrelevant matters, and therefore it is not competent to rebut it by this testimony.

The Court: It may perhaps be competent as going to the general integrity of the defense, and for that purpose it strikes me that it is not irrelevant.   The objection is overruled.   Exception noted for the defendant. [2]

Verdict of guilty, upon which judgment of sentence was passed.

*Errors assigned* were (1) refusal to permit the examination of a juror on his voir dire; (2) ruling on evidence, quoting the bill of exceptions; (3, 4) insufficiency and impropriety of the charge.

*John F. Scragg* and *A. A. Vosburg*, with them *James Powell*, for appellant.—The defendant had a right to examine the juror on his voir dire: Com. v. Work, 3 Pitts. 493; Comfort v. Mosser, 121 Pa. 455; Zell v. Com., 94 Pa. 258; O'Mara v. Com., 75 Pa. 424.

As a general rule, a distinct crime, unconnected with that in the indictment, cannot be given in evidence against the defendant: Shaffner v. Com., 72 Pa. 60; Com. v. Saulsbury, 152 Pa. 554; Com. v. Hutchinson, 6 Pa. Superior Ct. 405.

*Joseph O'Brien*, with him *David J. Reedy*, district attorney, and *R. L. Levy*, for appellee.

OPINION BY RICE, P. J., December 9, 1912:

The indictment in this case charged the forgery of the name of Joseph Krogulsky as maker of a promissory note payable to the order of William Grauman, the defendant, which was indorsed by Grauman and afterwards by Joseph Levy.

1. The second assignment of error, as originally drawn and filed, was not in accordance with the rule of court, because, while it set forth the offer and the ruling of the court thereon, it did not set forth the evidence admitted under the offer. But a motion was made to amend the assignment so as to conform to the rule, and in view of the substantial nature of the error alleged, we are of opinion that the amendment should be allowed: Swope v. Donnelly, 190 Pa. 417. As amended, the assignment alleges error in the admission in rebuttal of the testimony of Joseph Levy that certain notes, on which the names of certain persons appeared as makers and which were payable to the order of Grauman and were indorsed by Grauman and Levy, were paid by Levy. There is no evidence whether these notes were forged or were genuine, nor is there any evidence connecting these transactions with the transaction in question in such manner as would have made the testimony of Levy regarding them admissible in the presentation of the commonwealth's case in chief. But on cross-examination the defendant testified that these notes, or some of them at least, were paid by the makers. This cross-examination did not relate to anything that the defendant had testified to in chief. It is thus seen that the

question for decision is whether it was competent to impeach his credit as a witness by contradicting his testimony, brought out on cross-examination, as to these collateral and irrelevant matters. The general rule is that if a witness be cross-examined as to matters irrelevant to the issue, the party cannot discredit him by proving that he testified falsely in relation thereto. The reasons for the rule 'are set forth very fully in Griffith v. Eshleman, 4 Watts, 51, and it has been recognized and applied in many subsequent cases, amongst which may be mentioned Elliott v. Boyles, 31 Pa. 65; Wright v. Cumptsy, 41 Pa. 102; Hildeburn v. Curran, 65 Pa. 59; Erie Railway Co. v. Decker, 78 Pa. 293; Hester v. Com., 85 Pa. 139; Trussell v. W. Penna. Gas Co., 20 Pa. Superior Ct. 423. See also 1 Greenleaf's Evidence (16th ed.), sec. 461. For the reason above suggested, we are of opinion that this case is within the rule and, therefore, that there was error in admitting the testimony referred to in this assignment. And, as we are unable to conclude that under the circumstances of the particular case it was harmless error, the assignment is sustained.

2. In Comfort v. Mosser, 121 Pa. 455, defendant's counsel proposed to ask several jurors, one of them being named, whether they had not heard the merits of the case discussed and whether they had not formed an opinion as to the merits of the controversy between the parties. The objection to the proposed examination was sustained, and on writ of error the judgment was reversed and a new trial awarded upon the sole ground that this ruling was erroneous. It was argued that an affirmative answer to the question would not have shown that the juror was disqualified, but it was pointed out in the opinion of the Supreme Court that that issue had not been reached, that the inquiry was merely preliminary in order to enable the defendant to exercise his right of challenge intelligently. Justice PAXSON said: "A party to a suit has a right to an impartial jury. Hence, it has always been customary to allow him to examine a juror on his voir dire

as to any matter which may affect his mind or show bias or prejudice. The result of such an investigation may or may not amount to a disqualification of the juror. That is a question which arises only upon a challenge for cause. The party has a right to such examination to enable him to exercise his peremptory challenges intelligently, and I have never before known it to be denied." This ruling, it is true, was made in a civil case, but no substantial reason has been suggested, or occurs to us on full deliberation, for holding that the principle is never applicable in a criminal case triable in quarter sessions. Nor can we concur in the contention that it was not applicable in this case. About two months before the case was called for trial the defendant had been convicted in the same court of a similar charge, and it is stated in the commonwealth's paper-book that there were many other similar accusations against him. Even if it be granted that the privilege of examining jurors on their voir-dire is not demandable as matter of absolute right in every case triable in the quarter sessions, it would seem, in view of the grave nature of the crime charged in the present case, and the special circumstances above alluded to, that the request of the defendant's counsel to be accorded that privilege as to a particular juror, was reasonable and should have been granted. It is urged that, as the defendant accepted the juror, he was not harmed by the ruling. But the acceptance of the juror is not decisive of the question, particularly as it does not appear that a full panel was obtained without the defendant exhausting his peremptory challenges. Possibly, if he had been permitted to examine the juror as to his knowledge of the case, something might have been developed which, if it did not disqualify the juror, would have enabled the defendant to exercise his right of peremptory challenge more intelligently. If we were satisfied that no harm was done by the ruling, we would not reverse for this cause, but as was said in the case cited so it must be said here, there is nothing in the record or the paper-books from which we can safely draw

such conclusion. Therefore, we feel constrained to sustain the first assignment.

The remaining assignments are to the charge of the court. We will not discuss these assignments because the charge was not excepted to in any manner. Moreover, it is so badly printed in the appellant's paper-book that certain portions are wholly unintelligible. In conclusion, we remark that, as originally printed, the paper-book in this case, as well as in the immediately preceding case, was defective in many material particulars. But, except as to the printing of the charge in this case, the most material objections which were raised by motion to suppress the paper-books, had been removed by corrections and amendments when the case came on for argument. While the paper-books still remain open to criticism in some minor particulars, we are of opinion that, in view of the corrections in substantial matters that have been made, the motion should be overruled. But for the reasons stated all of the assignments to the charge are dismissed.

The judgment is reversed, and a venire facias de novo is awarded.