Commonwealth *v.* Corbin, Appellant.

Argued May 25, 1967. Before BELL, C. J., MUSMAN-NO, EAGEN, O'BRIEN and ROBERTS, JJ.

*James H. Rowland, Jr.,* with him *John J. Shumaker,* for appellant.

*Henry W. Rhoads,* Assistant District Attorney, with him *LeRoy S. Zimmerman,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Musmanno, June 29, 1967:

After pleading not guilty to a charge of murder, Henry Corbin was tried by a jury which, on February 1, 1966, found him guilty of murder in the second degree. Corbin's defense was that he had shot James Crockett in self-defense when Crockett entered his apartment. Following the jury's verdict, Corbin moved for a new trial. The motion was denied and the defendant appealed.

Corbin has charged various trial errors, none of which, after study, we find to bear merit.

Corbin claims the court was in error in refusing to allow his counsel to ask prospective jurors the question, "Have you ever served on a murder jury before?". The mere fact that a juror has served on a previous murder jury does not in and of itself present a cause for which the juror may be disqualified. As has often been stated, the purpose of a voir dire examination is to effectuate the selection of a competent, fair, impartial and unprejudiced jury. (*Commonwealth v. McGrew*, 375 Pa. 518.) Thus, the questioning is to be confined to disclosing qualifications or lack of qualifications of a juror and, particularly, whether a juror has formed a fixed opinion or may be otherwise subject to disqualification for cause. The inquiry as to previous jury service in a murder case would not, per se, reveal competence or lack of it in the juror. If the defense feared that a particular juror entertained a fixed opinion in murder cases, such bias could be ascertained through other relevant questioning. It is also to be noted that, as pointed out in the *McGrew* case, supra, the questioning in the voir dire examination remains within the scope of the trial judge's discretion. We do not find any abuse of discretion for the reason here discussed.

Corbin also charges that the court erred, because, in its charge, the court said: "The consequences are not

yours, but follow the crime and not the findings." The defendant has here taken one sentence out of context. The court's full statement on this phase of instruction reads: ". . . You have sworn to make a true deliverance between the Commonwealth and the Defendant, and to render a verdict in accordance with the evidence. You must not swerve from the duty because of the consequences of your findings. The consequences are not yours, but follow the crime and not the findings. You should then dismiss from your mind the fear of the consequences of your findings, except so far as their import should make you cautious, deliberate and just in considering the evidence, and clear and satisfied in the judgment you form upon it. If, through fear, pity, indignation or passion you suffer your mind to be drawn from a true and just verdict, you commit error." This statement is in accordance with established law and procedure.

Then the defendant maintains that the court committed prejudicial error, because in its charge, it referred to the victim of the homicide, James Crockett, on at least 15 occasions as either "James Corbet" or as "Corbet", and on at least two occasions it called the defendant, Henry Thomas Corbin, "James Corbin". Defendant fears that this misnaming (if such it can be termed) confused the jury. There is not the slightest indication that the jury was remotely confused as to the identity of the parties.

Finally, the defendant contends the verdict of guilty was contrary to the weight of the evidence and the law. It was the defendant's position that he shot the victim, James Crockett, when the latter forced himself into his apartment, because he, Corbin, feared for his life. As this court stated in *Commonwealth v. Wilkes,* 414 Pa. 246, self-defense is an affirmative defense, and the person who asserts such a defense must prove it by a preponderance of the evidence. When such evidence

is presented, it is still for the jury to determine if it is to be accepted, even though it might be uncontradicted. Thus, whether or not, under all of the testimony, Corbin was justified in taking Crockett's life was strictly a jury question. Reviewing the record we find no reason for reversing the jury's verdict or the action of the court below in refusing a new trial.

Judgment affirmed.

Mr. Justice ROBERTS concurs in the result.

Mr. Justice JONES and Mr. Justice COHEN took no part in the consideration or decision of this case.