Commonwealth *v.* Foster, Appellant.

Argued April 13, 1972.

*Joseph P. Moschetta,* for appellant.

*Walter W. Gregory, Jr.,* Assistant District Attorney, with him *Jess D. Costa,* District Attorney, for Commonwealth, appellee.

OPINION BY PACKEL, J., June 16, 1972:

Justice should be impartial but that does not mean that in the course of its administration judges must be color-blind. Nevertheless, the president judge of the court below, in approving a denial of *voir dire* questioning on racial discrimination stated: "The law should be color-blind and the less we get into questions of race, the better off we all would be." To sweep under the rug, figuratively, the reality of life that racial prejudice exists can prevent a defendant from obtaining a fair trial.

The black appellant had been tried by an all white jury.[1] His attorney made a motion that he be allowed to ask the trial jurors a list of questions on *voir dire,* which list included these questions: "Have you had any dealings or experiences with Negro persons that might make it difficult for you to sit in impartial judgment in this case?" "Will the fact that the defendant is a Negro affect in any way your judgment on this case?" The trial judge denied the motion and duly noted an exception. The record gives no indication of any *voir dire* question submitted by the judge or by counsel with respect to racial discrimination.

The objective of the examination of jurors under *voir dire* is to secure a competent, fair, impartial and

---

[1] The court below unwarrantedly put reliance upon *Commonwealth v. Dessus,* 214 Pa. Superior Ct. 347, 257 A. 2d 867 (1969) (allocatur refused) which dealt with grand jurors rather than trial jurors. Pa. R. Crim. P. 203(b) provides that "the parties shall not have a right to examine grand jurors on *voir dire.*"

unprejudiced jury. *Bentivoglio v. Ralston*, 447 Pa. 24, 288 A. 2d 745 (1972); *Commonwealth v. Corbin*, 426 Pa. 24, 26, 231 A. 2d 138, 139 (1967); *Commonwealth v. Corbin*, 426 Pa. 24, 26, 231 A. 2d 138, 139 (1967); *Commonwealth v. McGrew*, 375 Pa. 518, 525, 100 A. 2d 467, 470 (1953). The scope of the inquiry is within the sound discretion of the trial judge and reversal is not appropriate "unless well established rules of law are violated, or cause for challenge be shown, *or the right to show bias or interest of jurors be denied* or inquiry into such material facts as might interfere with the selection of an impartial jury be refused." *Clay v. Western Maryland R.R. Co.*, 221 Pa. 439, 446, 70 A. 807, 809 (1908), quoted with approval in *Bentivoglio v. Ralston, supra*, 447 Pa. at 31, 228 A. 2d at 749 (emphasis added). A complete denial of the right to an examination of jurors to show bias or prejudice is a palpable abuse of discretion and entitles a defendant to a new trial. *Comfort v. Mosser*, 121 Pa. 455, 15 A. 612 (1888). *Accord*: *Commonwealth v. Grauman*, 52 Pa. Superior Ct. 215 (1912).

Federal courts and other state courts have time and again ruled specifically that a black defendant is not to be denied the right to a *voir dire* interrogation on racial discrimination or bias. *Aldridge v. United States*, 283 U.S. 308 (1931); *United States v. Carter*, 440 F. 2d 1132 (6th Cir. 1971); *Matthews v. State*, 276 A. 2d 265 (Del. 1971); *Contee v. State*, 223 Md. 575, 165 A. 2d 889 (1960); *State v. Higgs*, 143 Conn. 138, 120 A. 2d 152 (1956); *Hill v. State*, 112 Miss. 260, 72 So. 1003 (1916); *Pinder v. State*, 27 Fla. 370, 8 So. 837 (1891); *State v. McAfee*, 64 N.C. 301 (1870). Mr. Chief Justice HUGHES, in the *Aldridge* case, *supra*, speaking for the Court in reversing the conviction, made it manifestly clear that we would not be better off by disregarding the existence of racial prejudice

(283 U.S. at 315) : "We think that it would be far more injurious to permit it to be thought that persons entertaining a disqualifying prejudice were allowed to serve as jurors and that inquiries designed to elicit the fact of disqualification were barred. No surer way could be devised to bring the processes of justice into disrepute." The Connecticut Court in the *Higgs* case, *supra,* pointed out that the almost unanimous rule that the refusal to permit such questioning deprived the defendant of an impartial trial (143 Conn. at 142-143, 120 A. 2d at 154) : "In line with this thought, it is almost uniformly held in other jurisdictions that it is reversible error in a criminal case in which a Negro is the defendant to exclude questions, propounded by him on the voir dire, designed to bring out that a prospective juror is so prejudiced against the Negro race that it would take less evidence to convince him that a Negro was guilty of the crime charged than to convince him that a white person had committed a similar crime."

There appears to be no Pennsylvania appellate decision directly in point. In the *McGrew* case, *supra,* the following question was held irrelevant (375 Pa. at 524, 100 A. 2d at 470) : "If you had a nasty job to do would you be inclined to hire a person of the negro race rather than a person of the white race, or would you prefer a person of the white race to the Negro?" Taken in its context that question was psychological rather than racial. In *Commonwealth v. De Palma,* 268 Pa. 25, 110 A. 756 (1920), the Court permitted examination as to prejudice against Italians, and the only issue was whether the colloquy warranted a challenge for cause.

On principle, this Court now joins the courts of many other jurisdictions in allowing *voir dire* interrogation of trial jurors to protect against racial or any other unwarranted prejudice.

The judgment of sentence is reversed and the case is remanded for a new trial.

WRIGHT, P. J., WATKINS and JACOBS, JJ., would affirm on the opinion of President Judge SWEET.