444 A.2d 1179

**COMMONWEALTH of Pennsylvania**

v.

**Gregory HOLLAND, Appellant.**

Superior Court of Pennsylvania.

Argued May 12, 1981.

Filed Feb. 19, 1982.

Reargument Denied May 18, 1982.

Petition for Allowance of Appeal Denied
Sept. 10, 1982.

290

Jon J. Auritt, Media, for appellant.

Rex R. Gary, Assistant District Attorney, Media, for Commonwealth, appellee.

Before MONTEMURO, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends, *inter alia*, that the lower court erred in refusing to propound his requested voir dire questions on racial prejudice. We agree and, accordingly, reverse the judgments of sentence and grant appellant a new trial.[1]

Before jury selection, appellant, a black man, requested the lower court to propound 39 questions to the prospective jurors, including four questions probing the veniremen's possible racial bias.[2] Although the lower court permitted a number of appellant's proposed questions, it refused those concerning race. An all-white jury was chosen, and following trial, appellant was convicted of robbery, theft by unlawful taking, and two weapons offenses. The lower court denied post-trial motions and imposed sentence, prompting this appeal.

It is well-settled that "the singular purpose of voir dire examination is to secure a competent, fair, impartial and unprejudiced jury." *Commonwealth v. Futch*, 469 Pa. 422, 426, 366 A.2d 246, 248 (1976). The scope of voir dire examination rests within the sound discretion of the trial court and its decisions will not be reversed absent palpable error or abuse of discretion. *Commonwealth v. Fulton*, 271 Pa.Superior Ct. 430, 432, 413 A.2d 742, 743 (1979). However, "a complete denial of the right to an examination of jurors to show bias or prejudice is a palpable abuse of discretion and entitles the defendant to a new trial." *Commonwealth v. Foster*, 221 Pa. Superior Ct. 426, 429, 293 A.2d 94, 95 (1972).

1. Because of our disposition of this matter, we need not address appellant's remaining contentions.

2. The relevant proposed voir dire was as follows:
 29. Are any of you racially prejudiced?
 30. Do any of you hold a prejudice against the Defendant simply because he is black?
 31. Do any of you believe simply because the Defendant is young and black that he must be guilty of the crime accused?
 32. Do any of you have any reserved feelings that black people are more likely to commit crime than white people?

 Appellant contends that the lower court abused its discretion in refusing to examine the veniremen on their possible racial bias.[3] We agree. Although considered to be the "wiser course," there is no federal constitutional right to explore racial prejudice through voir dire examination solely because the victim is white, and the defendant black. *Ristaino v. Ross*, 424 U.S. 589, 597 n.9, 96 S.Ct. 1017, 1022 n.9, 47 L.Ed.2d 258, 265 n.9 (1976). Nonetheless, the Pennsylvania Supreme Court "has held that such a right is well-grounded in state law." *Commonwealth v. Christian*, 480 Pa. 131, 140 n.11, 389 A.2d 545, 549 n.11 (1978). *See also Commonwealth v. Futch, supra*, 469 Pa. at 428 n.4, 366 A.2d at 248 n.4. Unquestionably, when the entire panel is composed exclusively of whites, "a [black] defendant is entitled to question prospective jurors on matters of racial bias." *Commonwealth v. Mayo*, 272 Pa. Superior Ct. 115, 120, 414 A.2d 696, 699 (1979). *See also Commonwealth v. Foster, supra*, 221 Pa. Superior Ct. at 429, 293 A.2d at 96. The victim, the entire jury, and all of the Commonwealth's witnesses were white, while appellant and all defense witnesses were black. "To sweep under the rug, figuratively, the reality of life that racial prejudice exists can prevent a defendant from obtaining a fair trial. *Id.*, 221 Pa.Superior Ct. at 428, 293 A.2d at 95. Under the facts of this case, we find that the

**3.** The Commonwealth contends that appellant has waived any objection to the lower court's voir dire by not specifically objecting at its conclusion. Appellant's proposed voir dire questions were specifically denied. This situation is analogous to a trial court's denial of specifically requested points for charge. *See Commonwealth v. Christian*, 480 Pa. 131, 140 n.10, 389 A.2d 545, 549 n.10 (1978).

[When] a point for charge is timely offered and rejected, we have indicated that there is no need for the party who has submitted the point to take further action at trial to preserve the issue; the trial judge has been fully alerted, and no purpose would be served by insisting on the formality of an exception to a refusal of one's point.

*Commonwealth v. Williams*, 463 Pa. 370, 373 n.1, 344 A.2d 877, 879 n.1 (1975). *See also Commonwealth v. Miller*, 490 Pa. 457, 470–71 n.9, 417 A.2d 128, 135 n.9 (1980); *Commonwealth v. Sisak*, 436 Pa. 262, 270, 259 A.2d 428, 433 (1969). Requiring an exception to the lower court's refusal of a submitted voir dire question would be similarly purposeless. Accordingly, appellant's claim has been preserved for our review.

lower court abused its discretion in utterly refusing to allow some investigation into racial prejudice or bias. *See Commonwealth v. Christian, supra* (one generalized question dealing with racial prejudice insufficient under the circumstances); *Commonwealth v. Futch, supra* (two questions specifically addressed to racial prejudice sufficient); *Commonwealth v. Dessus,* 262 Pa.Superior Ct. 443, 396 A.2d 1254 (1978) (three questions on racial prejudice sufficient to obviate the need for individual voir dire). Accordingly, we reverse the judgments of sentence and grant appellant a new trial.

So ordered.

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge, dissenting:

This was a jury trial in which the defendant was found guilty of robbery, theft by unlawful taking and possessing an instrument of crime. The majority grants a new trial because the trial judge ruled that the defendant was not entitled to question the prospective jurors as to their possible prejudice against black persons. Not in every case is a black person who is charged with crime entitled to question prospective jurors as to whether or not they are prejudiced against such person because of his race. When the case is race-sensitive and there is a likelihood that prejudice because of race might infect the trial, then a defendant is entitled to have inquiry made as to the impartiality of prospective jurors. *Ristaino v. Ross,* 424 U.S. 589, 96 S.Ct. 1017, 47 L.Ed.2d 258 (1976). The majority relies in important measure on the ruling in *Commonwealth v. Christian,* 480 Pa. 131, 389 A.2d 545 (1978), in which case there were problems of racial sensitivity. The defendant was charged with murder, burglary, rape and deviate sexual intercourse. Intimate physical contact was shown by the Commonwealth's evidence. The defendant was black, the victim white. The prosecution showed that the defendant made sexual advances to another white woman prior to the killing of the victim. In the instant case, there was no intimate

physical contact.[1] The instant case, in my judgment, is not race-sensitive. There is no likelihood that racial bias or prejudice might infect the trial. In my judgment, the trial judge was properly within his discretion in ruling that the defendant was not entitled to ask veniremen questions about whether or not they were prejudiced against blacks.

I respectfully dissent and would affirm the judgment of sentence of the trial court.

1. There was a struggle over disposition of the money ($520) as the defendant wrested the money from the operator of the service station.