**UNITED STATES of America**
v.
**James POOLE et al.**
**Appeal of Willie THOMAS, Appellant.**
No. 19212.

United States Court of Appeals,
Third Circuit.

Submitted Sept. 30, 1971.

Decided Nov. 11, 1971.

Anthony V. DeCello, DeCello, Bua & Manifesto, Pittsburgh, Pa., for appellant.

Samuel J. Orr, Asst. U. S. Atty., Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., for appellee.

Before SEITZ, Chief Judge, HASTIE, Circuit Judge, and HERMAN, District Judge.

## OPINION OF THE COURT

### PER CURIAM:

Appellant appeals his conviction in the district court for armed bank robbery, 18 U.S.C. 2113(a) and (d).

Appellant was indicted with James Poole and William Finkley for the armed robbery of a Pittsburgh bank. Poole confessed and subsequently testified at the joint trial of appellant and Finkley. Both were convicted and there followed separate appeals.

On appeal appellant and Finkley assigned as error the district court's denial on voir dire of a requested interrogatory pertaining to the veniremen's prior experiences as victims of crime. Each contended that a defendant has a right to probe for the hidden prejudices of potential jurors which, independent of the evidence, might affect their deliberations. Specifically, appellant and Finkley urged a criminal defendant's right on voir dire to disclose prejudices resulting from prospective jurors' experiences as victims of crimes similar to that for which the defendant stands trial.

Prior to the argument scheduled for appellant's case, the appeal by Finkley was decided. There we concluded that, in a criminal prosecution, denial on voir dire of the right to pose questions such as that here proffered constitutes reversible error. See United States v. Poole (Appeal of Finkley), 450 F.2d 1082 (decided September 21, 1971). Having reversed Finkley's conviction and remanded his cause for a new trial, we do likewise for appellant.

Appellant also contends that the district court erred on voir dire by its denial of the challenge for cause of two veniremen who were, or were related to, bank tellers. In the context of a criminal prosecution for armed bank robbery

we find this contention of some significance. However, we need not here consider its merits, since we have ordered a new trial on the basis of *Finkley, supra,* and there is only a remote possibility that the same issue will arise on retrial.

The judgment of the district court will be reversed and the cause remanded for a new trial.