**UNITED STATES of America**
**v.**
**James POOLE et al.**
**Appeal of William FINKLEY.**
**No. 19213.**

United States Court of Appeals,
Third Circuit.

Argued June 8, 1971.

Decided Sept. 21, 1971.

---

Raymond H. Conaway, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for appellant.

Samuel J. Orr, III, Asst. U. S. Atty., Pittsburgh, Pa. (Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., on the brief), for appellee.

Before STALEY and ADAMS, Circuit Judges, and GARTH, District Judge.

OPINION OF THE COURT

STALEY, Circuit Judge.

William Finkley was convicted, following a jury trial, of having violated 18 U.S.C. § 2113(a) and (d). The two-count indictment charged that Finkley, along with James Poole and Willie Thomas, robbed a Pittsburgh bank while armed with hand guns.

Finkley and Thomas were tried together, Poole having decided to plead guilty and testify for the Government. Of the veniremen from which the petit jury was selected, one was a bank teller and another was married to a bank teller. Counsel for Finkley moved to challenge both for cause, which motion was denied. Both defendants had submitted requested interrogatories to be put to the proposed jurors by the court. Number One of these interrogatories asked, "Have you or any member of your family ever been the victim of a robbery or

---

other crime?" This requested interrogatory was denied.

On this appeal, Finkley assigns as error the district court's denial of his challenge of the two jurors for cause and the denial of his requested interrogatory. In addition, he argues that the evidence adduced against him by the Government was insufficient to sustain a conviction.

Appellant contends that the district court erred in refusing to grant requested interrogatory Number One pertaining to a juror's prior experience as a victim of crime. He argues that a defendant has a right to probe for the hidden prejudices of jurors which could affect their deliberations independent of the evidence, and specifically for prejudices resulting from a prospective juror's experience as a victim of a crime similar to that of which the defendant stands accused.

In support of his argument, appellant relies on the decisions of this court in United States ex rel. DeVita v. McCorkle, 248 F.2d 1 (C.A. 3), cert. denied, 355 U.S. 873, 78 S.Ct. 121, 2 L.Ed.2d 77 (1957); and United States v. Napoleone, 349 F.2d 350 (C.A. 3, 1965). In DeVita, supra, a habeas corpus case, one of the jurors who had found the petitioner guilty of murder in the course of an armed robbery had failed to disclose on voir dire that he himself had been a recent robbery victim.[1] In directing that the writ should issue, we stated that "the admitted facts demonstrate bias to the extent that it voids the process." 248 F.2d at 6. No such bias has been demonstrated in the instant case. The juror in DeVita had concealed information that the panel had been asked to disclose. The obvious conclusion is

that an individual whose desire to be a juror is so great as to cause him to conceal relevant information on voir dire must certainly be incapable of objectivity. DeVita then is a case involving actual and demonstrated bias. The instant case involves only the denial of an opportunity to probe for possible bias. In that regard, our decision in United States v. Napoleone, supra, is more in point.

In Napoleone, the defendant had been convicted of falsely pretending to be an investigator for the Veterans Administration. We reversed, finding prejudicial error in the district court's refusal to ask two requested interrogatories designed to elicit any prejudice or bias that the prospective jurors might have had against one who had intentionally misrepresented himself. We held that since the crux of the defense was that while Napoleone had lied about the purpose of his investigation, he had not presented himself as an employee of the Veterans Administration, and he had the right to have prospective jurors questioned with regard to their moral or ethical repugnance toward liars and lying.

The Government contends that Napoleone is not controlling because it is factually distinguishable from the instant case. We cannot agree. That decision makes it clear that a defendant has the right to probe for bias that could affect a juror's objectivity. Our decisions in DeVita, supra, and in Govt. of Virgin Islands v. Bodle, 427 F.2d 532 (C.A. 3, 1970), established the relevancy of information concerning a prospective juror's experience as a victim of crime[2] either directly as in DeVita or as a member of a victimized family as in Bodle. The information sought from the jurors in the instant case was obviously

---

1. The panel of prospective jurors had been questioned about previous robbery experiences.

2. The Government argues that these cases are inapposite because they dealt with situations wherein it was known that, because of his prior experience, a juror was biased or possibly biased. It is true

that in the instant case we do not know that any member of the jury which convicted Finkley had been a prior crime victim. However, the absence of such evidence cannot overcome appellant's contention. It would indeed be disingenuous to argue that Finkley is now bound by the absence of proof of that which he was prevented from proving.

relevant under these decisions. If we were to assume, *arguendo* the demonstrated presence of a juror who had once been a robbery victim, it would be difficult to hold that such a juror was capable of objectivity. See Govt. of Virgin Islands v. Bodle, supra. Significantly, the interrogatory requested in the instant case is quite similar to one contained in the Bench Book for United States District Judges[3] and suggested for use on voir dire. This at least indicates that the relevance of such an inquiry is widely recognized.

We conclude that the District court erred in denying the defendant's requested interrogatory Number One and that he should be granted a new trial. In view of our disposition of the case, we need not discuss appellant's other contentions.

The judgment of the district court will be reversed and the cause remanded for a new trial.

3. Prepared under the auspices of the Federal Judicial Center after compilation by the staff of the Institute of Judicial Administration.