347 A.2d 716
COMMONWEALTH of Pennsylvania
v.
Rhodolphus Donald BROWN, Appellant.

Supreme Court of Pennsylvania.

Submitted Oct. 24, 1975.

Decided Nov. 26, 1975.

626

Henry J. Lunardi, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Maxine Statland, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Rhodolphus Donald Brown, was tried by a judge and jury and found guilty of forcible rape and corrupting the morals of a minor. Post-trial motions were denied and appellant was sentenced to a term of five to fifteen years for the rape conviction and sentence was suspended on his conviction for corrupting the morals of a minor. The Superior Court affirmed appellant's judgment of sentence by a three-to-two decision. See *Commonwealth v. Brown*, 228 Pa.Super. 166, 323 A.2d 281 (1974). We granted appellant's petition for allowance of appeal and now reverse his judgment of sentence.

The facts surrounding this appeal are as follows. On September 2, 1972, at or about 10:30 p. m., Patricia Rogers, a white female, entered a MacDonald's Restaurant

to purchase food for herself and her girlfriend. Upon leaving the restaurant, according to Miss Rogers, appellant, a black male, and a companion forced Miss Rogers into a car and had forcible sexual relations with her. Appellant was later arrested and convicted of rape and corrupting the morals of a minor; hence this appeal.

Appellant argues, and we agree, that he was denied due process of law by the trial court's refusal to allow the following question during the *voir dire* of prospective jurors:

"Would you, or do you, get upset or take special note when you see a white girl and a black man walking together; talking together; holding hands?"

In *Commonwealth v. Johnson*, 452 Pa. 130, 305 A.2d 5 (1973), this court stated the law of this Commonwealth with respect to *voir dire* examinations when it held:

"It is well-settled that '[t]he examination of jurors under voir dire is solely for the purpose of securing a competent, fair, impartial and unprejudiced jury. . . . Neither counsel for the defendant nor for the Commonwealth should be permitted to . . . ask direct or hypothetical questions designed to disclose what a juror's present impression or opinion may be or what his attitude or decision will likely be under certain facts which may be developed in the trial of the case. While considerable latitude should be permitted on a voir dire, *the inquiry should be strictly confined to disclosing qualifications of a juror and whether a juror has formed a fixed opinion or may be otherwise subject to disqualification for cause.'* *Commonwealth v. McGrew*, 375 Pa. 518, 525, 100 A.2d 467, 470 (1953) (emphasis added). See, *Commonwealth v. Biebighauser*, 450 Pa. 336, 346, 300 A.2d 70, 75 (1973); *Commonwealth v. Hoss*, 445 Pa. 98, 107, 283 A.2d 58, 63, 64 (1971); *Commonwealth v. Swanson*, 432 Pa. 293, 299, 248 A.2d 12, 15 (1968); *Commonwealth v. Lopinson*, 427 Pa. 284, 297–98, 234 A.2d 552,

560–61 (1967). The scope of voir dire examination rests in the sound discretion of the trial judge . . . ." 452 Pa. at pages 134–35, 305 A.2d at page 7.

In the instant case, we are of the opinion that the proposed question which appellant sought to ask of veniremen was proper in that it was designed to elicit a response that would subject a juror to "disqualification for cause." Under the facts of the instant case the area of inquiry suggested by this question was relevant.

In *Ham v. South Carolina,* 409 U.S. 524, 93 S.Ct. 848, 35 L.Ed.2d 46 (1973), the Supreme Court of the United States reversed the conviction of a black civil rights leader for the failure of the trial judge to allow the defendant to inquire into possible racial prejudice against him. In *Ham* the Supreme Court stated:

". . . Since one of the purposes of the Due Process Clause of the Fourteenth Amendment is to insure these 'essential demands of fairness,' e. g., *Lisenba v. California,* 314 U.S. 219, 236, 62 S.Ct. 280, 289, 86 L. Ed. 166 (1941), and since a principal purpose of the adoption of the Fourteenth Amendment was to prohibit the States from invidiously discriminating on the basis of race, *Slaughter-House Cases* [83 U.S. 36], 16 Wall. 36, 81, 21 L.Ed. 394 (1873), we think that the Fourteenth Amendment required the judge in this case to interrogate the jurors upon the subject of racial prejudice. . . ." At pp. 526 and 527, 93 S.Ct. at p. 850.

The Commonwealth argues in support of affirmance of appellant's judgment of sentence that the proposed *voir dire* question was not designed to elicit possible bias or prejudice against black defendants, but was rather a hypothetical question based on facts which the defense would attempt to prove and, therefore, impermissible. While agreeing with the Commonwealth's general state-

ment of the law concerning *voir dire* examination, we are of the opinion that in the instant case the question was proper. The question was designed to elicit the prospective jurors' bias or prejudice concerning black-white relationships which, if shown, would subject them to disqualification. Cf. *Aldridge v. United States*, 283 U.S. 308, 51 S.Ct. 470, 75 L.Ed. 1054 (1931).

Judgment of sentence from the Court of Common Pleas of Philadelphia and Order of the Superior Court reversed and case remanded for a new trial.