370 A.2d 358
**COMMONWEALTH of Pennsylvania**
**v.**
**Robert Wesley COACH, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Oct. 21, 1975.

Decided Feb. 28, 1977.

Reargument Denied May 10, 1977.

390

---

Richard A. McDaniel, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Barry H. Oxenburg, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal arises from the conviction of appellant, Robert Wesley Coach, for the robbery and murder of John Schmidt on September 12, 1972, in Philadelphia. Appellant was tried by a judge and jury, and on April 19, 1973, was found guilty of murder in the second degree and aggravated robbery. Post-verdict motions were denied, and on June 12, 1974, appellant was sentenced to not less than ten nor more than twenty years at a state correctional institution on the murder conviction and was given a five to ten year consecutive sentence for the aggravated robbery conviction. Appellant appealed the murder conviction to this court and the aggravated robbery conviction to the Superior Court, which certified the latter case to this court.

The facts surrounding this appeal are as follows. At approximately 4:50 p. m. on September 12, 1972, the decedent, John Schmidt, a mechanic for Breuninger's Dairy in Philadelphia, was shot while road testing one of the dairy's trucks. Two Philadelphia police officers on stakeout observed three males standing near Schmidt's truck. Three shots were fired, the decedent stumbled from the truck into the alley, and the three males fled from the scene. The police pursued the three individuals, who split into two groups. One of the officers pursued appellant and after several warnings to stop, shot the appellant in the leg.

The official police chronology reveals the following: Appellant was arrested and taken to Temple University Hospital, arriving at approximately 5:10 p. m. While at Temple, appellant gave two statements, the second of which was inculpatory. The inculpatory statement concluded at 8:35 p. m., at which time appellant was transferred to Philadelphia General Hospital. Appellant was

subsequently transferred to the Police Administration Building, arriving at approximately 1:40 a. m. He was warned and interviewed from 2:00 to 2:18 a. m. He was then fed and allowed to remain alone until 5:35 a. m., at which time appellant gave a formal typewritten statement, which statement concluded and was signed at 6:50 a. m. He was again allowed to remain alone until 10:00 a. m., at which time another "interview" was conducted until 10:15 a. m. A final "interview" was conducted at 10:30 a. m., until 10:40 a. m. At 12:10 p. m., appellant was arraigned. Thus, he was arraigned approximately nineteen hours after his arrest and sixteen hours after his initial inculpatory statement.

Appellant argues that the court below erred in refusing his requested point for charge that unnecessary delay between arrest and arraignment is a factor to be considered by the jury in determining the voluntariness of the confession. We agree.

In the instant case, appellant's counsel requested that the court charge the jury that unnecessary delay between arrest and preliminary arraignment is one of the factors to be considered in determining the voluntariness of the confession. The court below denied the requested charge stating that unnecessary delay is a question of law and out of the jury's province. We do not agree.

This court, in *Com. ex rel. Butler v. Rundle*, 429 Pa. 141, 239 A.2d 426, 432 (1968), in discussing the necessity of prompt arraignment, stated:

"Finally, we attach some weight to the fact that Butler was not taken before a magistrate until a week after he was first taken into custody. Under the rule announced in *McNabb v. United States*, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943), a confession is automatically invalidated where a prisoner is not promptly taken before a committing magistrate. The delay of approximately twelve hours between the arrest and confession would of itself be violative of the dictates of

promptness. *Although we do not attach the conclusiveness to the failure to take the prisoner before a magistrate that the federal courts do, it is a factor to be considered.* It appears that the failure to take a defendant promptly before a magistrate is a violation of Pennsylvania law in any case. In *Commonwealth v. O'Brien*, 181 Pa.Super. 382, 392, 124 A.2d 666, 672 (1956), although the Court did not feel that a substantial right had been violated, it said: *'The right of an accused to a preliminary hearing, with certain exceptions, has become a part of the law of this Commonwealth * * * .'*

\* \* \* \* \* \* \* \*

"The Act of 1869 was interpreted by this court in *Commonwealth v. Johnson*, 365 Pa. 303, 74 A.2d 144 (1950), reversed on other grounds 340 U.S. 881, 71 S. Ct. 191, 95 S.Ct. 640 (1950), where we stated: '[T]he effect of the mere denial of a prompt preliminary examination is a matter of state, not of federal, law and to refuse it does not constitute a violation of the fourteenth amendment although *it is one of the facts to be considered on an allegation that a confession used at the trial was coerced.'*

(Emphasis added)" (Earlier emphasis added.)

In *Commonwealth v. Koch*, 446 Pa. 469, 474–75, 288 A.2d 791, 794 (1972), in reaffirming the relevancy of "unnecessary delay" as a factor to be considered in judging the voluntariness of the confession, this court stated:

"  .   .   . Rule 118 [now 130] of the Pennsylvania Rules of Criminal Procedure requires that a defendant 'shall be taken without unnecessary delay before the proper issuing authority' where 'the defendant shall be given an immediate preliminary arraignment.' The presence of 'unnecessary delay' in securing a preliminary arraignment is a factor to be considered in

assessing the voluntariness of a confession. *Common-wealth v. Moore,* 444 Pa. 24, 30, 279 A.2d 146, 149 (1971); *Commonwealth ex rel. Butler v. Rundle,* 429 Pa. 141, 153, 239 A.2d 426, 432–433 (1968); see *Mallory v. United States,* 354 U.S. 449, 77 S.Ct. 1356, 1 L. Ed.2d 1479 (1957); *McNabb v. United States,* 318 U. S. 332, 63 S.Ct. 608, 87 L.Ed. 819 (1943)."

■   The Commonwealth seeks to support the failure to charge on "unnecessary delay" by questioning the validity of *Commonwealth v. Koch* after this Court's decision in *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). The question of "unnecessary delay" is a question of law when used to advance an argument under Pa.R.Crim.P. 130 [formerly 118] and *Commonwealth v. Futch,* and the line of cases which followed. A criminal defendant cannot relitigate at trial a suppression court's adverse determination on the *Futch* issue. However, Pennsylvania allows a criminal defendant to attack the voluntariness of his confession both at a suppression hearing and at trial. The issue of voluntariness is properly before a suppression court and also is a proper trial issue for the factfinder. The factfinder at trial cannot consider the confession as evidence if he factually determines that it was involuntarily given by the defendant.

In *Commonwealth v. Simms,* 455 Pa. 599, 602–3, 317 A.2d 265 (1974), a post-*Futch* decision, this court clearly indicated the continued vitality of unnecessary delay as a factor to be considered by the fact-finder in determining the voluntariness of the confession:

"  .   .   .  Circumstances which must be considered include the accused's physical and mental condition, the delay between arrest and arraignment, the attitude of the police, and other 'diverse pressures.' *Culombe* [*v. Connecticut,* 367 U.S. 568, at 602], 81 S.Ct. [1860]

at 1879 [, 6 L.Ed.2d 1037] ; [*Commonwealth v.*] *Eiland,* 450 Pa. [566,] at 573–574, 301 A.2d [651,] at 654. \* \* \*

\* \* \* \* \* \* \* \*

"Although this case does not turn on an application of *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972), *the unnecessary delay prior to arraignment is nevertheless relevant in determining the voluntariness of Simms' confession. Commonwealth v. Eiland,* 450 Pa. 566, 572, 301 A.2d 651, 653 (1973) ; *Commonwealth v. Koch,* 446 Pa. 469, 474–475, 288 A.2d 791, 793–794 (1972). Even prior to *Futch* an unnecessary delay in arraignment could be considered in assessing the totality of the circumstances influencing an accused's decision to confess. *Commonwealth ex rel. Butler v. Rundle,* 429 Pa. 141, 154–155, 239 A.2d 426, 432–433 (1968)."

Moreover, delay between the confession and the arraignment must also be considered. Post-confession delay prior to arraignment is relevant and may be expository of pre-confession police tactics.

In *Commonwealth ex rel. Butler, supra,* this court articulated the relevancy of post-confession delay:

" . . . We cannot accept the contention that since the confession was made on the day of arrest, the succeeding six days are irrelevant to a consideration of the question of voluntariness of the confession. *Haley v. State of Ohio,* 332 U.S. [596, 68 S.Ct. 302, 92 L.Ed. 224 (1948)], at 600, 68 S.Ct. at 304, dealt with the question of post-confession improper police tactics: 'It is said that these events are not germane to the present problem because they happened after the confession was made. But they show such a callous attitude of the police towards the safeguards which respect for ordinary standards of human relationships compels that we take with a grain of salt their present apologia that the five-hour grilling of this boy was

conducted in a fair and dispassionate manner. When the police are so unmindful of these basic standards of conduct in their public dealings, their secret treatment of a 15-year old boy behind closed doors in the dead of night becomes darkly suspicious.' *Here, too, the post-confession activity of the police colors the proceedings leading up to that confession."* (Emphasis supplied.)

The pertinent excerpt of the court's charge on voluntariness is:

"In determining whether a defendant's oral or written statements were voluntary, you must consider any evidence which you may find had a bearing upon his making the statement to the police. In this respect you will consider that the Commonwealth has the burden of proving that the statement was voluntarily given.

"If you find, upon examination of the evidence concerning the statement and how it was given, that the statement was given as a result of coercion, then you must reject it in your consideration of the case.

"Coercion encompasses more than physical maltreatment. It can be mental as well as physical.

"The question is whether the defendant's will was overcome at the time he confessed, or, to put it another way, after taking into consideration all the circumstances attendant upon the giving of the confession, was it the product of a rational intellect and free will.

"If you are satisfied from the evidence that defendant voluntarily and without coercion gave a statement to the police after being fully apprised of his rights, you may then consider the statement as an admission or confession by the defendant."

■ Having determined that "unnecessary delay" between arrest and arraignment is a relevant factor in the voluntariness of a confession, and also having reviewed the above charge, we are of the opinion that the court be-

low committed reversible error in failing to instruct the jury concerning this factor.

Appellant raises other allegations of error which we need not discuss because of our resolution of the above issue.

Judgments of sentence reversed and case remanded for a new trial.

POMEROY, J., filed a concurring opinion.

NIX, J., filed a dissenting opinion in which EAGEN, J., joined.

POMEROY, Justice, concurring.

I join the opinion of the Court insofar as it holds that appellant is entitled to a new trial because the trial court's instructions to the jury concerning the voluntariness of appellant's confession were inadequate. To the extent, however, that the Court holds that appellant was entitled to a specific instruction that "unnecessary delay" between arrest and arraignment is a factor to be considered in determining whether the confession was voluntary, I disagree.

Prior to trial, appellant moved to suppress his confession on the grounds that it was involuntary and that it had been obtained as a result of unnecessary delay between arrest and preliminary arraignment. *See,* Pa.R. Crim.Pro. 130; *Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417 (1972). The suppression court denied the motion. The issue of the voluntariness of the confession was again raised at trial, as permitted by Rule 323(j) of our Rules of Criminal Procedure. *See, Commonwealth v. Green,* 464 Pa. 557, 347 A.2d 682 (1975). Prior to the jury being instructed by the court, appellant's counsel submitted a series of points for charge concerning unnecessary delay between arrest and preliminary

arraignment.[1]  The trial court denied these requested instructions on the ground that "unnecessary delay" is a question of law and therefore not within the jury's province to decide.  On the theory that "unnecessary delay" between arrest and preliminary arraignment is a relevant factor in assessing the voluntariness of a confession, this Court now holds that the trial court committed reversible error in ruling as it did.  While I agree that the trial court erred, I cannot subscribe to the majority's analysis in reaching that conclusion.

Implicit in the majority opinion is the conclusion that "unnecessary delay", except when considered in the context of a pretrial *Futch* claim, is a question of fact for the jury.  While I agree with the Court that "[t]he question of 'unnecessary delay' is a question of law when used to advance an argument under Pa.R.Crim.P. 130 [formerly 118] and *Commonwealth v. Futch,* and the line of cases

---

1.   The requested instructions were as follows:
        "14.   There is a rule of law that you have to apply in this situation in accordance with the instructions of the Court, which provides, that upon arrest, the defendant is to be taken before a magistrate.  The law states as follows:
        "When a defendant has been arrested without a warrant, he shall be taken without unnecessary delay before the proper issuing authority where a Complaint shall be filed against him.
        "15.   In considering the evidence as to any claim of unlawful delay or unreasonable delay, any illegal delay is but one circumstance to be considered along with any other evidence bearing upon the question of the voluntary character of the admission.
        "16.   As to any claim of delay in arraignment that is in issue under the evidence, it is for the jury to determine as a question of fact as to whether there was any unnecessary delay.  If the jury finds that delay in arraignment of the defendant was unnecessary then and in that event, it constitutes a circumstance that can be considered along with any other evidence bearing upon the question of the voluntary character of the admissions.
        "17.   If you find from the evidence that there was a non-compliance with the prompt arraignment section and that there was an unlawful or unnecessary delay, you have a right to consider that in determining the question as to whether any admissions statements were voluntary or involuntary.  Of course, you take that into consideration with all the other evidence in the case."

which followed," Opinion of the Court, *ante* at p. 361, I am at a loss to understand why the question of "unnecessary delay" is transformed into a question of fact for the jury simply because a defendant chooses to avail himself of the right to challenge the validity of the confession at trial. In my view "unnecessary delay" is a question of law only, regardless of the nature of the claim a defendant is making.

The phrase "unnecessary delay", at least for purposes of the law in this Commonwealth, derives from Rule 130 [formerly Rule 118] of our Rules of Criminal Procedure. The rule and the cases interpreting it, e. g., *Commonwealth v. Futch, supra,* represent an exercise of this Court's supervisory powers designed to ensure that an accused is taken promptly before a magistrate for preliminary arraignment. Under Rule 323 a defendant wishing to suppress evidence allegedly obtained in violation of Rule 130 is free to challenge the admissibility of such evidence prior to trial. If the challenged evidence is found to be admissible at the suppression hearing the defendant is foreclosed from challenging its admissibility at trial; he may, nevertheless, contest the validity of such evidence despite its admission. *Commonwealth v. Green, supra.* Thus, while the issue of the voluntariness of a confession may be relitigated at trial under Rule 323(j), the question of the necessity of the delay, which relates only to the admissibility of a confession, may not be rechallenged at trial.

None of the cases relied upon by the majority for the proposition that appellant was entitled to be instructed on "unnecessary delay" supports that conclusion. All of the cases cited [2] were cases in which this Court, on appeal, was asked to determine whether a particular confession was voluntary or not as a matter of law; in none

2. *Commonwealth v. Simms,* 455 Pa. 599, 317 A.2d 265 (1974); *Commonwealth v. Koch,* 446 Pa. 469, 288 A.2d 791 (1972); *Commonwealth ex rel. Butler v. Rundle,* 429 Pa. 141, 239 A.2d 426 (1968).

of the cases were we addressing the question presented in the case at bar. To be sure, the cases cited by the majority, *see* note 2, *supra,* include language that "unnecessary delay" is a factor to be considered in assessing the totality of the circumstances bearing upon an individual's decision to confess.[3] Given the context in which the language was employed, i. e., whether a confession was involuntary as a matter of law, it cannot be assumed that these decisions meant that "unnecessary delay" is a factual question upon which a jury should be instructed and allowed to decide in determining voluntariness.

Not only is the instruction not legally required, but in my view it would be unwise to instruct the jury as appellant here requested and the majority now requires. First, it is clear that if the jury is to be instructed on "unnecessary delay", it will also have to be instructed as to what does not constitute "unnecessary delay". *See, e. g., Commonwealth v. Futch,* 447 Pa. 389, 290 A.2d 417, 418 (1972), adhering approvingly to the guidelines laid down in *Adams v. United States,* 130 U.S.App.D.C. 203, 399 F.2d 574, 579 (1968) (Burger, J., concurring). To give these added instructions seems to me to invite confusion, and to draw undue attention to one factor in the totality equation and away from the central issue of voluntariness. Second, instructing the jury that they may consider "unnecessary delay" as a factor in the totality of the circumstances implies that if the jury decides that the delay was not unnecessary, it should not consider the delay at all in assessing the voluntariness of the statement. But this would be unfair to the defendant, who is entitled to have the jury consider the length of time he was in police custody as a factor in voluntariness regardless of whether the delay prior to preliminary arraignment was necessary or not. *See, e. g., Commonwealth v.*

3. Obviously this Court is free to look at the facts presented at trial and determine as a matter of law that the facts constitute "unnecessary delay" within the meaning of Rule 130.

*Simms,* 455 Pa. 599, 602–3, 317 A.2d 268 (1974) and cases cited therein.

Although I believe the trial court was correct in rejecting appellant's requested points for charge, I am neverthless of the view that the court's charge was inadequate. There is no question that a defendant who raises the issue of the voluntariness of his confession at trial is entitled to have the jury instructed on the various factors to be considered in the totality of circumstances bearing upon the voluntariness of the confession. One such factor is the length of time the defendant was in police custody prior to the giving of the challenged statement.[4] See *Commonwealth v. Simms, supra.*[5] In my view, appellant's requested points for charge, while erroneous and properly denied as submitted, were sufficient to alert the trial court that he should mention the length of time the defendant was kept in police custody for interrogation as being one of the various factors involved in the totality of circumstances surrounding appellant's confession. See *Commonwealth v. Sisak,* 436 Pa. 262, 259 A.2d 428 (1969). For this reason, I join in the majority's grant of a new trial.

NIX, Justice, dissenting.

The appellant argued before this Court that the lower court erred in its refusal to grant a series of points for charge to the effect that unnecessary delay between arrest and arraignment is a factor to be considered by the jury in determining the voluntariness of the confession. The court below had refused the requested points of charge reasoning that unnecessary delay is a question of

4. The circumstances, including length of time in custody, surrounding a suspect's detention in police custody after confession and prior to arraignment may also be relevant on the question of voluntariness of the confession. See *Commonwealth v. Myers,* 472 Pa. ——, 371 A.2d 1279 (1977).

5. Others include age, intelligence, duration of questioning, physical and mental condition of accused, etc.

law and not a concern of the jury. The majority today holds that the trial court was in error and reversed the judgments of sentence. I disagree and therefore dissent.

An analysis of the requested points for charge which are at the center of this controversy satisfies me that the points were designed to raise the evidentiary question of a violation of Pa.R.Crim.Pro. 130 and were not designed to further the inquiry as to the issue of the voluntariness of the statement.[1] Requested point of charge # 14 was a statement of Rule 130. Its inclusion in the charge would have required the jury to pass upon an alleged violation of this rule. This clearly was not within the province of the jury and is also not necessarily relevant to the issue of the voluntariness of the statement. *Commonwealth v. Myers*, 472 Pa. ——, 371 A.2d 1279 (1977) (Dissenting opinion of this writer joined by Eagen, J.).

1. The requested instructions were as follows:

"14. There is a rule of law that you have to apply in this situation in accordance with the instructions of the Court, which provides, that upon arrest, the defendant is to be taken before a magistrate. The law states as follows:

"When a defendant has been arrested without a warrant, he shall be taken without unnecessary delay before the proper issuing authority where a Complaint shall be filed against him.

"15. In considering the evidence as to any claim of unlawful delay or unreasonable delay, any illegal delay is but one circumstance to be considered along with any other evidence bearing upon the question of the voluntary character of the admission.

"16. As to any claim of delay in arraignment that is in issue under the evidence, it is for the jury to determine as a question of fact as to whether there was any unnecessary delay. If the jury finds that delay in arraignment of the defendant was unnecessary then and in that event, it constitutes a circumstance that can be considered along with any other evidence bearing upon the question of the voluntary character of the admissions.

"17. If you find from the evidence that there was a noncompliance with the prompt arraignment section and that there was an unlawful or unnecessary delay, you have a right to consider that in determining the question as to whether any admissions statements were voluntary or involuntary. Of course, you take that into consideration with all the other evidence in the case."

Requested points of charge # 15 and # 16, although phrased in terms of voluntariness, nevertheless focus upon the legal concept of "unreasonable delay". This concept has no meaning where the issue is coercion, but rather relates to a legal determination which is incident to a consideration of a *Futch* [2] violation.

The length of time is only significant where the question of voluntariness is at issue, and it is asserted that the period of time acted upon the accused as a coercive factor tending to overcome his will. Thus, time is normally only relevant when it precedes the confession. While we have considered post-confession delay in some instances, as stated in my dissent in *Myers,* I believe that this evidence is only appropriate where it is reflective of the circumstances operating at the time the confession was elicited. Such was not the case here.

Since these points for charge were designed to introduce an issue not properly before the jury, I agree with the trial court's action in refusing the charges. Additionally, since the evidence of post-confession delay would not have advanced the inquiry as to the voluntariness of the appellant's statement, I do not agree that there was an obligation for the court to permit this fact to be called to the attention of the jury.

I would affirm the judgments of sentence.

EAGEN, J., joins in this dissenting opinion.

2.   447 Pa. 389, 290 A.2d 417 (1972).