395 A.2d 1384

**COMMONWEALTH of Pennsylvania**

v.

**Linn W. MOSLEY, Appellant.**

Superior Court of Pennsylvania.

Submitted March 13, 1978.

Decided Dec. 21, 1978.

Marilyn C. Zilli, Assistant Public Defender, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

■ Appeal is taken from judgment of sentence rendered following jury trial and verdict of guilty of aggravated assault. "Crimes Code", Act of 1972, Dec. 6, No. 334, 18 Pa.C.S. § 2702. Trial was held on October 27, 1975, and counsel timely filed post-trial motions, alleging *inter alia* that the lower court erred in limiting defense counsel's questioning of prospective jurors and in failing to allow admission of a letter purporting to be an offer on behalf of the victim to refuse to testify for the consideration of a compromise monetary settlement. Post-trial motions were denied, and no appeal was taken. The record next shows the *pro se* filing of a petition pursuant to the Post Conviction Hearing Act (P.C.H.A.), Act of 1966, Jan. 25, P.L. 1580, 19 P.S. § 1180–1 *et seq.* Counsel was appointed and caused to be filed a more-detailed P.C.H.A. petition, alleging *inter alia* ineffectiveness of trial counsel for failing to take a direct appeal. Apparently without hearing, the lower court granted the relief of an allowance to appeal nunc pro tunc,

and otherwise denied relief.[1] Counsel thereupon appealed and presents for our consideration the two questions referred to hereinabove and preserved by their inclusion in post-trial motions, as well as an allegation of ineffective trial counsel for failure to move to suppress statements of defendant to the police for the reason that they had been unknowingly given.[2]

Factually, appellant and one Willa Mae Ervin had been friends for several years. On May 10, 1975, appellant confronted her at her apartment, and an argument, with blows struck, ensued. This session ended with appellant's removing himself from the premises. Later in the evening, Ervin and a friend walked the short distance to appellant's house, and stood in the street shouting to appellant, inside. Appellant appeared at the door, but refused to go out. From there he saw Ervin waving a pistol in the air and striking his car with a baseball bat. Thereupon he grabbed a high-powered rifle and retreated to a second-floor window. The damage having been wrought to the vehicle, Ervin turned and walked a short distance away from the house. By his own admission an expert shot, appellant took aim and fired at Ervin's right leg. The bullet struck the victim's right leg with such an impact as to sever the lower leg from the upper part, necessitating amputation of the lower leg.

Appellant argues error in that the lower court refused his counsel's proposed question to jurors regarding whether they had ever been the victim of any crime. "The court limited the inquiry to whether any juror had been the victim of a crime in the nature of an assault, i. e., like the

1. In its memorandum, the lower court informs us that the reason for counsel's neglect was his withdrawal from practice in Dauphin County.

2. We note that this is one of appellant's bases for claiming in his P.C.H.A. petition that counsel was ineffective. Being represented in this direct appeal by counsel different from that at trial, the time to raise ineffectiveness of counsel is now. Appellant's failure to include herein his other alleged grounds for ineffectiveness indicates intent either not to pursue them, or to waive them.

offense being tried." [3] The purpose of *voir dire* is to ferret out bias or prejudice on the part of prospective jurors. *Commonwealth v. Brown,* 464 Pa. 625, 347 A.2d 716 (1975). "Thus, although latitude should be permitted on a voir dire, the inquiry should be strictly confined to disclosing qualifications or lack of qualifications and 'whether or not the juror had formed a fixed opinion in the case as to the accused's guilt or innocence.'" *Commonwealth v. England,* 474 Pa. 1, 7, 375 A.2d 1292, 1295 (1977), quoting *Commonwealth v. Lopinson,* 427 Pa. 284, 298, 234 A.2d 552, 561 (1967), other citations omitted. Questions to venirepersons are under the guidance of the court and the exercise of discretion will be overturned only for palpable abuse of discretion. *Commonwealth v. Segers,* 460 Pa. 149, 331 A.2d 462 (1975). We find no such abuse here. Whether or not a venireperson would be biased against a defendant charged with aggravated assault of the type involved in this case is the issue. The trial judge allowed a question relating to this issue. We agree with the lower court in that a question dealing with being the victim of any crime is overbroad and irrelevant. Such a broad question could be and was narrowed into an acceptably limited and pertinent question. The question proposed by appellant's counsel was not sufficiently limited, and it was not abuse of discretion to disallow it.

During cross-examination of the victim Mrs. Ervin, she related as how appellant had telephoned her numerous times during her hospitalization to inquire whether she would "drop the charges" or "settle it between us." She had discussed with appellant a monetary settlement and denied her counsel's involvement in this matter. Thereupon the court intervened:

THE COURT: Mr. Foldes [defense counsel], I am going to stop you. I don't care if she agreed to drop the charges,

3. We quote from the court's memorandum opinion in support of its denial of post-trial motions. Voir dire being not transcribed, we rely upon the lower court's reconstruction of the situation at that stage which comports with both appellate counsel's description of the facts.

the charges are on Mr. Mosley and we are going to try the case.

MR. FOLDES: Your Honor, it just goes to the credibility of the witness.

THE COURT: I don't see what it has to do with credibility. She may have agreed to drop them at one time, but they were not dropped and we are here in court and the question is whether your client is guilty or innocent, not whether she agreed to prosecute or not to prosecute.

 Appellant argues that foreclosing this avenue of inquiry was error and that he should have been able to pursue it so as to attack Ervin's credibility. Counsel alludes to a letter written by the victim's attorney to defense counsel mentioning settlement.[4] However, the letter was not offered by counsel as an exhibit, and was neither discussed on the record as to its content nor its certainty of existence. Insofar as the record and testimony of this case are concerned, the existence of the letter is entirely speculative and is outside that which was made part of the record. We cannot entertain this argument by appellant. However, the lower court held that any reference to out-of-court settlements was irrelevant, and it may be that appellant is challenging this ruling on relevancy. Assuming that such is appellant's argument, we agree that inquiry as to whether the victim had sought to settle the civil aspects of the case was irrelevant. The prosecutor had not been privy to any such discussion, and we share the lower court's view that whatever acts a victim may take in regard to her civil rights and remedies is outside the purview of the criminal case. The lower court's exercise of discretion in disallowing this line of questioning was without error and does not require reversal. *Commonwealth v. Schmidt*, 437 Pa. 563, 263 A.2d 382 (1970).

 Lastly appellant argues that his counsel rendered ineffective representation by failing to move pre-trial for suppression of statements made by appellant to the arrest-

4. References to such communication arise in the post-trial motions, the lower court's memorandum opinion, and appellant's brief.

ing officers while allegedly under the influence of drugs.[5] The allegation is that these statements were not made voluntarily. No P.C.H.A. hearing having been held, we are not able to ascertain the merit of this claim. A hearing must therefore be held to resolve this issue. *Commonwealth v. Twiggs,* 460 Pa. 105, 331 A.2d 440 (1975).

We remand to the lower court for hearing on the ineffectiveness of counsel claim. If counsel be found to have been ineffective, then judgment shall be reversed and a new trial ordered; or if counsel be found to have provided effective representation, then judgment of sentence shall be affirmed as to this assignment of error. As to appellant's other claims in this direct appeal, they are without merit and judgment of sentence with respect to them is affirmed.

Affirmed in part and reversed in part.

SPAETH, J., concurred in the result.

HOFFMAN, J., did not participate in the consideration or decision of this case.

———

5. Reference to these drugs, medication to relieve migraine headaches, arose in appellant's direct testimony at trial, wherein he stated that he had taken the prescription shortly before Ms. Ervin's appearance at his residence, and was still under the influence of the medication when later arrested.