400 A.2d 1320

**COMMONWEALTH of Pennsylvania**

v.

**Jerome DAVIS, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1978.

Decided Feb. 28, 1979.

Reargument Granted May 25, 1979.

David A. Murdoch, Pittsburgh, for appellant.

David B. Douds, Assistant District Attorney, Hermitage, for Commonwealth, appellee.

Before CERCONE, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

Jerome Davis was tried by jury and convicted of robbery and conspiracy. Post trial motions were denied, and Davis was sentenced to serve a term of imprisonment for not less than four years nor more than ten years. In his appeal to this Court, Davis alleges several reasons why there was error in denying his motion for new trial. The disposition

which we make requires that we consider only one of appellant's assignments of error.

During voir dire examination conducted by the court, the learned trial judge refused to submit to prospective jurors an inquiry requested by counsel as follows: "Have you or has any member of your immediate family ever been the victim of any crime?" Appellant contends this was error. We agree and reverse.

The purpose of voir dire examination is to provide an accused with a "competent, fair, impartial and unprejudiced jury." *Commonwealth v. England*, 474 Pa. 1, 6, 375 A.2d 1292, 1295 (1977); *Commonwealth v. McGrew*, 375 Pa. 518, 525, 100 A.2d 467, 470 (1953); *Commonwealth v. Foster*, 221 Pa.Super. 426, 293 A.2d 94 (1972). While considerable latitude should be permitted, the inquiry should be confined to disclosing qualifications of a juror and whether a juror has formed a fixed opinion or may otherwise be subject to disqualification for cause. *Commonwealth v. Brown*, 464 Pa. 625, 627, 347 A.2d 716, 717 (1975); *Commonwealth v. Johnson*, 452 Pa. 130, 134, 305 A.2d 5, 7 (1973); *Commonwealth v. Biebighauser*, 450 Pa. 336, 346, 300 A.2d 70, 75 (1973). The scope of voir dire examination, however, rests in the sound discretion of the trial judge, and his rulings thereon will not be reversed in the absence of an abuse thereof. *Commonwealth v. Kahley*, 467 Pa. 272, 356 A.2d 745 (1976); *Commonwealth v. Biebighauser*, supra; *Commonwealth v. Lopinson*, 427 Pa. 284, 234 A.2d 552 (1967).

In the instant case we are compelled to conclude that there was an abuse of discretion. Appellant should have been permitted to inquire of prospective jurors whether any of them had been victimized by crime. Defendant had a right to probe for prejudices of jurors likely to affect their deliberations independent of the evidence. *Commonwealth v. Brown*, supra. If a juror's objectivity were destroyed by such prejudice, he or she would then be subject to disqualification for cause. The potential for lack of objectivity would be particularly great if a juror had been the victim of a

crime similar to the one with which the defendant was charged.

The United States Court of Appeals for the Third Circuit has considered the same issue and has held it to be an abuse of discretion to refuse a voir dire inquiry calculated to disclose such prejudice. In *United States v. Poole*, 450 F.2d 1082 (3rd Cir. 1971), the defendant had been tried for armed bank robbery. The trial judge refused to permit the prospective jurors to be asked: "Have you or any member of your family ever been the victim of a robbery or other crime?" The Court of Appeals held this to be error, reversed the conviction and awarded a new trial. Concerning the proposed inquiry, the Court said: "The information sought from the jurors in the instant case was obviously relevant . . . . If we were to assume, *arguendo* the demonstrated presence of a juror who had once been a robbery victim, it would be difficult to hold that such a juror was capable of objectivity." *United States v. Poole*, supra, at pp. 1083–84. See generally: *Govt. of Virgin Islands v. Bodle*, 427 F.2d 532 (3rd Cir. 1970) (where undisclosed information that the sister of a juror had been the victim of a similar crime was held to create a substantial possibility that the juror was not capable of an objective determination); and *United States v. Napoleone*, 349 F.2d 350 (3rd Cir. 1965).

In *Commonwealth v. Mosley*, 261 Pa.Super. 198, 395 A.2d 1384 (1978), this Court held that it was not an abuse of discretion for the trial court to limit a general inquiry to whether any juror had been the victim of a crime similar to the one for which the defendant was being tried. There, the trial court had refused to permit an inquiry whether any of the jurors had ever been the victim of any crime, but narrowed the inquiry to crimes in the nature of an assault, the crime with which defendant had been charged. This Court held that the broader question asked by counsel "could be and was narrowed into an acceptably limited and pertinent question." In the instant case, the trial court did not limit the area of inquiry proposed by counsel but effectively precluded all inquiry in the pertinent area of victimization by crime. This, we believe, was an abuse of discretion.

Because of the trial court's refusal to permit the proposed inquiry, we are unable to determine if any of the jurors who heard the case were subject to disqualification because victimization by crime, particularly by robbery or crimes similar thereto or included therein, had rendered them incapable of making an objective determination. However, appellant cannot be denied relief because of a failure to demonstrate the very thing which he was denied an opportunity to show.

Because the area of inquiry suggested by counsel's proposed question was pertinent and should have been the subject of the voir dire examination conducted by the court, a new trial is necessary.

The judgment of sentence is reversed, and a new trial is granted.