422 A.2d 671
**COMMONWEALTH of Pennsylvania,**

v.

**Jerome DAVIS, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 16, 1979.

Filed Oct. 3, 1980.

Petition for Allowance of Appeal Denied Jan. 20, 1981.

---

David A. Murdoch, Sharon, for appellant.

David B. Douds, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before CERCONE, President Judge, and PRICE, SPAETH, HESTER, CAVANAUGH, MONTGOMERY and HOFFMAN, JJ.

HESTER, Judge:

Appellant Jerome Davis was convicted in a jury trial of charges of robbery and conspiracy in the Court of Common Pleas, Mercer County. Post trial motions were argued and denied and a sentence of four to ten years imprisonment was imposed. On appeal, a three–judge panel of this Court reversed the judgment of sentence and granted appellant a new trial. 264 Pa.Super. 574, 400 A.2d 1320 (1979). We granted the Commonwealth's application for reargument before the Court *en banc.*

Prior to jury selection, defense counsel submitted to the court the following proposed voir dire question:

Have you or any member of your immediate family ever been the victim of any crime?

The court refused to pose this question, or any form thereof, to the veniremen. We agree with appellant that this constituted reversible error.[1]

Our courts have often stated that the single goal of jury voir dire is to secure a competent, fair, impartial, and unprejudiced jury. *Commonwealth v. England*, 474 Pa. 1, 375 A.2d 1292 (1977); *Commonwealth v. Futch*, 469 Pa. 422, 366 A.2d 246 (1976). To this end, an accused is normally accorded considerable latitude in inquiring into bias or any other subject which bears on the impartiality of a prospective juror. *Commonwealth v. Lopinson*, 427 Pa. 284, 234 A.2d 552 (1967), cert. den. 411 U.S. 986 (1973). The inquiry, however, should be confined to disclosing qualifications or lack of qualifications and whether or not the juror had formed a fixed opinion in the case as to the accused's guilt or innocence. *Commonwealth v. Brown*, 464 Pa. 625, 347 A.2d 716 (1975); *Commonwealth v. Johnson*, 452 Pa. 130, 305 A.2d 5 (1973); *Commonwealth v. Biebighauser*, 450 Pa. 336, 300 A.2d 70 (1973). Traditionally, the scope and extent of voir dire examination rests with the discretion of the trial court, subject to "essential demands of fairness". *Ham v. South Carolina*, 409 U.S. 524, 526, 93 S.Ct. 848, 35 L.Ed.2d 46 (1972); *Bentivoglio v. Ralston*, 447 Pa. 24, 31, 288 A.2d 745, 749 (1972); *Commonwealth v. McGrew*, 375 Pa. 518, 100 A.2d 467 (1953). Where the trial judge has abused this discretion, we have not hesitated to reverse. See, e. g., *Commonwealth v. Christian*, 480 Pa. 131, 389 A.2d 545, 94 A.L.R.3d 1 (1978); *Commonwealth v. Brown*, supra; *Commonwealth v. Foster*, 221 Pa.Super. 426, 293 A.2d 94 (1972).

We recently had occasion to consider the significance of victimization questions on voir dire with regard to the accused's right to select a fair and impartial jury:

1. In view of our disposition, we do not consider the other issues presented by appellant: whether certain evidence should have been suppressed; whether certain testimony by a defense witness was improperly excluded; whether a mistrial should have been granted; whether the court's charge concerning burden of proof was erroneous.

We think it clear that a natural adjunct to the accused's right to probe for prejudice is the right to inquire into past victimization among the jurors of crimes similar to those with which the defendant stands accused. Thus, a defendant charged with robbery has the right to ask the veniremen whether they or any member of their families have ever been the victim of robbery. *U.S. v. Poole*, 450 F.2d 1082 (3d Cir. 1971). Similarly, the accused, on trial for aggravated assault, may ask the potential jurors if any have been the victim of a crime in the nature of an assault. *Commonwealth v. Mosley*, 261 Pa.Super. 198, 395 A.2d 1384 (1978).

*Commonwealth v. Fulton*, 271 Pa.Super. 430, 413 A.2d 742, 743 (1979). In *Fulton*, a prosecution for rape and attempted murder, the trial court refused defense counsel's request to inquire whether any potential jurors or family members have been involved previously with a rape or sexual crime. We granted a new trial, noting:

The victim of rape, or close relative of a victim, is not likely to forgive and forget or treat lightly similar conduct of others. Thus, the presence of such a juror in a rape trial could severly compromise an accused's valued right to be tried by a "competent, fair, impartial, and unprejudiced jury." *Futch*, supra; cf. *State v. Singletary*, 156 N.J.Super. 303, 383 A.2d 1151 (1978). "If we were to assume arguendo the demonstrated presence of a juror who had been a [rape] victim, it would be difficult to hold that such a juror was capable of objectivity." *Poole*, supra 450 F.2d at 1083–4.

Id. See also, *State v. Thompson*, 541 S.W.2d 16 (Mo.App. 1976) (presence, on jury hearing robbery trial, of juror who had been victim of robbery); *Govt. of Virgin Islands v. Bodle*, 427 F.2d 532 (3 Cir., 1970), (presence, on jury hearing rape trial, of juror whose sister had been victim of rape and murder); *U.S. ex rel. DeVita v. McCorkle*, 248 F.2d 1 (3 Cir., 1957), cert. den. 355 U.S. 873, 78 S.Ct. 121, 2 L.Ed.2d 77 (presence on murder and robbery jury of recent robbery victim). Such victimization questions are thus clearly rele-

vant in exposing bias and, indeed, would seem to be a standard voir dire query in any criminal proceeding.[2]

■ The Commonwealth contends, however, that the question, as drafted by counsel, was too broad and was properly rejected by the trial court. The court, in its discretion, may indeed have decided that the inquiry was overly broad and limited the question to one aimed at victimization of robbery or of a violent crime. See, *Mosley*, supra; *U.S. v. Jones*, 608 F.2d 1004 (4 Cir., 1979).[3] However, the court did not narrow the area of inquiry but effectively precluded counsel from propounding any questions dealing with victimization of crime. Thus, we believe, was an abuse of discretion as such a prohibition transgressed "essential demands of fairness." *Ham*, supra.

■ The Commonwealth, on reargument, has labelled as "specious" our suggestion that the trial court should mold overly broad voir dire questions, contending that the imposition of such a burden upon the court would invite sloth and potential abuse among defense counsel. We are not so persuaded. In an analogous situation, the Supreme Court has required trial judges to redraft points for the jury charge where counsel, in his requested points, has erroneously stated the applicable law:

> [A] party whose requested point, although erroneous, alerts the trial judge to an important issue in the case, does have just cause for complaint if the law to which that point pertains is not otherwise correctly stated in the charge.

**2.** The Third Circuit in *Poole* observed that such a question is included in the Bench Book for U.S. District Judges, prepared under the auspices of the Federal Judicial Center. Cf. *Commonwealth v. Rice*, 477 Pa. 221, 226, 383 A.2d 903, 905 (1978).

**3.** If the court had simply posed the question as drafted, then any affirmative response by a juror would have undoubtedly prompted follow–up questions designed to unearth in more detail the juror's experience. See, e. g., *U.S. v. Shavers*, 615 F.2d 266 (5 Cir., 1980). In *Shavers*, the Court found reversible error in the refusal of the trial judge to allow counsel to probe for past victimization of crime among the veniremen.

*Commonwealth v. Sisak,* 436 Pa. 262, 269–70, n. 5, 259 A.2d 428, 432, n. 5 (1969). Thus, once being put on notice of the substance of the charge, the trial court must include in his instruction an accurate statement of the law on the subject matter raised in the points. See, *Commonwealth v. Motley,* 472 Pa. 421, 372 A.2d 764 (1977); *Commonwealth v. Hilliard,* 471 Pa. 318, 370 A.2d 322 (1977) (Eagen, J., dissenting); *Commonwealth v. Coach,* 471 Pa. 389, 397, 370 A.2d 358, 362 (Pomeroy, J., concurring); *Commonwealth v. Mitchell,* 460 Pa. 665, 334 A.2d 285 (1975).

■ Similarly, simply because counsel may have included in a voir dire question some overly broad or legally collateral matter, the court should not totally reject an entire line of otherwise relevant inquiry. Indeed, the Supreme Court in *Commonwealth v. Christian,* supra, suggested that such a response by the trial court is inappropriate and not in accord with the court's traditional role of assuring the accused a fair trial. In *Christian,* the proposed voir dire inquiries were held to be relevant in exploring racial prejudices, but contained some superfluous and immaterial language. The Court held that the trial judge had abused his discretion in rejecting the proposed questions merely because they were not precisely drafted:

[I]t does not follow that the legitimate need to explore specific and relevant prejudices, having been brought to the attention of the court, should have been stricken in toto simply because the question, as framed, contained superfluous matter. The purpose of voir dire is to secure a "competent, fair, impartial and unprejudicial jury." *Commonwealth v. Futch,* 469 Pa. at 426, 366 A.2d at 248. That responsibility must be shared by the trial court and respective counsel in the interests of vindicating the public interest in assuring a fair trial. *The proper response to such a legitimate concern, even though the question itself might be improperly constructed, is to fashion a permissible inquiry so that the possible prejudice or bias may be exposed.* *Christian,* 480 Pa. at 139–40, 389 A.2d at 549 (footnote omitted, emphasis added).

The Court compared such an obligation with that imposed on the trial judge when counsel submits an erroneously drafted, but relevant, point for charge, and concluded: "Both voir dire examination and the charge to the jury have identical purposes–to see that the guilt or innocence of a defendant is considered in a fair and objective manner and in accordance with applicable law." Id. at fn. 10.[4]

Our holding will not invite "sloth or potential abuse" on the part of defense attorneys for it remains their task to carefully draft proposed questions which alert the trial judge to a relevant level of inquiry. Failure to do will constitute waiver. See, e. g., *Commonwealth v. Hilliard*, 471 Pa. 318, 342, 370 A.2d 322, 334 (1977) (Eagen, C. J., dissenting).

We think the proposed void dire question instantly was sufficient to alert the court to an important area of potential prejudice. Since the court refused to pose the question as drafted or to mold it into an acceptably limited form, appellant must receive a new trial.

Judgment of sentence reversed and new trial granted.

PRICE, J., files a dissenting opinion in which CAVANAUGH, J., joins.

PRICE, Judge, dissenting:

The majority opinion extends the holding of *Commonwealth v. Brown*, 464 Pa. 625, 347 A.2d 716 (1975), as well as our own recent cases of *Commonwealth v. Fulton*, 271 Pa.Super. 430, 413 A.2d 742 (1979) and *Commonwealth v. Mosley*, 261 Pa.Super. 198, 395 A.2d 1384 (1978). I am unable to find any prior Pennsylvania case that has previously held that voir dire query *must* be permitted as to *any crime*. The majority opinion today allows a general question which will produce results that in my opinion have no

4. Justice Pomeroy's lead opinion in *Christian* was joined by Justice O'Brien. Justice Manderino, in a concurring opinion joined by Justice Nix, noted that he joined the Court's grant of a new trial, but would also arrest judgment because of the insufficiency of the evidence. Justices Eagen and Roberts dissented.

general relevancy in focusing upon the precise area of the criminal law involved. Further, such inquiry will have a tendency to harass potential jurors in that it will require them to reveal insignificant matters that may have happened years ago in situations that would have absolutely no bearing on the case to be tried before them.

It has been, as the majority notes, traditionally vested in the trial judge's discretion to rule upon the scope and extent of the voir dire examination. In my judgment it is grievous error to label the trial judge's action in this case as an abuse of that traditional discretion.

I wish also to register my complete disagreement with the majority in further imposing the additional duty upon trial judges of molding an unacceptable and improper voir dire question into an "acceptable limited form" (p. 674). I agree with the appellee that such a duty will invite "sloth or potential abuse" on the part of defense attorneys. Additionally, it imposes an unnecessary and unwarranted *new* duty upon the judge.

Further, Judge Wieand, writing for the panel in the original disposition of this case at 264 Pa.Super. 574, 400 A.2d 1320 (1979), and the majority in this en banc disposition, noted that the trial judge not only failed to narrow the area of inquiry but "effectively precluded" counsel from propounding any questions dealing with victimization of crime. I do not find any such action on the part of the trial judge in the record I have examined. It is my view of the record that upon the trial judge's refusal to allow the question concerning *any crime*, appellant's attorney made no further request.[1] I do not interpret such action as effectively precluding any questions dealing with victimization of relevant crimes.

1. On page three of the Partial Transcript the trial judge refused the question. No objection or exception was noted by appellant's counsel. On page four of the same transcript appellant's counsel was asked, "Are there any other questions you want to ask, Mr. Murdoch? Mr. Murdoch answered. "No, Your Honor."

There are seven other issues raised in this appeal that have no merit. I would affirm the judgment of sentence.

CAVANAUGH, J., joins in this dissenting opinion.